FRIERSON AND SHORTRIDGE v. BLAKESLEY.

1. The statute allowing amendments in proceedings before justices, does not authorize a change in the names of the parties.
2. An appeal bond payable to a party who is dead, is void, and no judgment can be rendered thereon.

FRIERSON made a note payable to Thomas English, or bearer, on which a suit was brought before a justice of the peace in Tuscaloosa, in the name of English, for the use of Ralpha Blakesley, and judgment by default was rendered for the plaintiff. Frierson appealed to the Circuit Court, and executed an appeal bond, with Shortridge as security, payable to "Thomas English, who sues for the use of Ralpha Blakesley." In the Circuit Court, a statement of the cause of action was filed in the name of English, for the use of Blakesly, as in the warrant. Frierson pleaded in abatement, that English was dead at the time of the commencement of the suit, and to this plea, the plaintiff demurred. The cause came on for trial at March term, 1829, and before the Court pronounced judgment on the demurrer, the plaintiff asked leave to amend his statement or declaration, by striking out the name of English, and inserting in lieu thereof, that of Blakesley as plaintiff, with an averment that he was bearer of the note. The defendant excepted to the decision of the Court, allowing the amendment; and refusing to withdraw the plea in abatement and to plead over, judgment was rendered for the plaintiff against him and his security in the appeal bond.

The errors assigned by Frierson and Shortridge, are 1st. that the Court erred in allowing the amendment; and 2d. in rendering judgment against the security in the appeal bond.

ELLIS, for the plaintiffs in error. The Court below went farther in allowing the amendment, than any statute authorizes; this case is not within any of the statutes; none go so far as to authorize a change of parties to the action. Many liberal decisions have been made under the statutes of jeofails by our Courts, but they cannot by analogy, be assimilated to this case, but on the contrary, in *Smith & Hill v. Cobb,*[a] this Court decided that a misjoinder of parties could not be cured. In our case, the error is not a mere defect, apparent on the face of the proceedings, it is an error in the very foundation of the action; a dead person is made the legal plaintiff in the suit; the whole proceedings are void from the beginning, for the want of the most essential of all requisites, proper parties. The appellee can derive no aid from the statute of 1812,[b] which provides that where a suit is brought by one for the use of another, that the death of the nominal plaintiff shall not abate the suit. There was much reason that during the delays of a suit, the holder of the note should not be defeated by the death of the payee, when his suit was originally well brought. But here the reason ceases; the death had occurred before the suit was brought. The time and manner of permitting the amendment, was also improper. The statute of 1824, allowing parties to withdraw demurrers, was made for the benefit of defendants, not of plaintiffs: an issue in law was formed on the plea, and we were entitled to the benefit of the judgment of the Court on it. The judgment is also against the security in the appeal, on a bond which was a mere nullity and void. It was made payable to a person not in being, and judgment is rendered on it in favor of another person. This is irregular; in summary judgments against securities on statutory bonds, no latitude should be allowed. The surety to a bond might have a defence against the payee, which he could not assert against another person. Serious injustice might be done by admitting such loose proceedings.[c]

MOODY, argued for the appellee.

By JUDGE WHITE. Courts of law have long manifested great care in protecting the rights of equitable plaintiffs, who are compelled to sue in the names of others; and our statutes have made some salutary provisions, which this Court has inclined to favor, to prevent the dismissal of

appeals from before justices, on mere technicalities, and de-
fects of form.   We have also, perhaps, as liberal statutes
of amendments, as can be found in other codes, and yet
there are certain fundamental rules, which cannot be lost
sight of, without endangering the rights of parties, and
destroying all system in the administration of justice.   The
forms of actions to a considerable extent, are founded in
good sense, and preserved from necessity; and hence we
find that amendments have, by almost all Courts, been so
restricted, as not to allow of a change of the character of
the action.   Again, the suit must be brought by him who
has the legal right, and his name cannot be substituted by
another.   And although Courts for certain purposes, do
recognise a beneficial or equitable plaintiff, so far as to pro-
tect his rights, I know of no instance where they have
stricken out the legal plaintiff, and placed the one for whose
use the suit is brought in his stead.   The case of *Smith
& Hill v. Cobb*,[a] was one commenced before a justice of [a] 1 Stewart 62
the peace, against both the maker and indorser of a note;
it was taken by appeal to Madison Circuit Court, where
by leave of the Court, the plaintiff was permitted to dis-
miss his suit against the indorser, and take judgment against
the maker alone.   On error to this Court, judgment was
reversed, on the principle that the statute, as to the trial
of appeals from justices of the peace, does not cure a mis-
joinder of parties; and if so, it cannot cure the more fatal
mistake, of bringing the suit in the name of a dead man,
as in this case.   And again, if the defect of a misjoinder
of parties could not be remedied by the Circuit Court, in
the case cited, surely the Court here, must have erred in
striking the name of one man from the record, and sub-
stituting that of another in his stead.   In either case, had
the suit been commenced properly, it could have been
sustained; but both cases being alike materially wrong in
their inception, they must abide the same result.   As to
the statute referred to,[b] it was evidently designed for [b] Laws of Ala.
cases, commenced in the names of living persons, for the page 70.
use of others, and therefore has no application to the pre-
sent question.   We then think that the first assignment of
error is sustainable.   The second assignment we think
equally well taken; the appeal bonds being given to Eng-
lish, who was dead, are void; and hence the judgment
upon them should not have been rendered.

Judgment reversed.

JUDGE LIPSCOMB, not sitting.