## D. & D. Teer v. Sandford & Cleveland.

1. The plaintiff cannot amend his declaration by striking out the name of a person for whose use the suit is instituted.

2. If such an amendment is made and the change of the party in interest is stated in the declaration, advantage of the irregularity may be claimed on demurrer.

Writ of error to the County Court of Tuscaloosa county.

THE writ issued at the suit of Sandford & Cleveland for the use of John H. Ezell. A declaration according with the writ *was filed and pleaded to*. At the trial term, the plaintiffs, by leave of the court, filed an amended declaration which states, " that Sandford & Cleveland, who in the writ are said, by mistake, to sue for the use of John H. Ezell, now, for their own proper use and benefit sue, &c." To this amended declaration the defendants demurred; the county court overruled the demurrer and gave judgment for the plaintiffs.

The overruling the demurrer is the only error assigned.

W. Cochran, for the plaintiff in error.
Phelan, contra.

GOLDTHWAITE, J.—The mistake of inserting the name of a *cestui que use* in the writ, seems as much beyond the reach of an amendment as a mistake in the name of any other party. Under our statute the *cestui que use* is liable for costs, [Aikin's Digest 262 S. 22,] therefore, if for no other reason, the defendants had an interest in preventing and might be affected by a change of parties.

The discharge of the *cestui que use* from the suit is stated in the amended declaration, and thus it became unnecessary for the defendants to disclose this matter by plea in abatement. The cases of Frierson *et al.* v. Blakely 3 Stew. 267: Moffit *et al.* v. Wooldridge, Ibid. 322: and McLean v. Erwin, supra, are similar in principle and decisive of this case.

Let the judgment be reversed and the case remanded.