## GRANBERRY v. WELLBORN, use, &c.

1. When, in an action of *assumpsit*, the common counts are added to a count on a promissory note, it is allowable to take a judgment by default, without causing a *nolle prosequi* to be entered as to the former; but the judgment in such case must not exceed the amount of the note.

2. When a writ issues against two and is returned executed upon one, but is silent as to the other, the legal conclusion is that the latter was not served; under such circumstances it is allowable to take a judgment against the party only who is before the Court, and discontinue as to the other.

3. The writ issued in the name of the nominal plaintiff for the use of J. P. H. and in the declaration E. H. was made the beneficial plaintiff: Held—that the party for whose use the suit was brought being made liable for costs by statute, it was irregular to substitute for his, another name in the declaration, in his stead; and that the objection was available after judgment by default.

WRIT of Error to the Circuit Court of Barbour.

This was an action of *assumpsit* on a promissory note, brought by the defendant in error. The writ was issued against Granberry and Wm. B. Deloach, as makers of the note, requiring them to answer the plaintiff, for the use of John P. Huntingdon, and was served on the defendant only. No return was made as to Deloach. The declaration is in the plaintiff's name, for the use of Elliott Huntingdon, and contains the common counts in addition to a count on the note, against the defendant only, discontinuing the action as to Deloach, on whom it states process was not served. For the same cause there is a discontinuance of the suit as to Deloach in the judgment, which is rendered by default against the defendant.

PECK & CLARK, for the plaintiff in error, contended, that as the declaration, in addition to a count upon the note, contained the common counts, and a final judgment by default, it was erroneous. The writ not being returned "not found," as to Deloach, the discontinuance was irregular, and put an end to the suit. *Lastly*, the declaration was unauthorized by the writ, being in the name of the plaintiff, for the use of Elliott Huntingdon, instead of John P. Huntingdon. The plaintiff's counsel cited Graves v. Lake, at this term.

CRAWFORD, for the defendant. The errors insisted on, even if irregularities, are too trivial to be noticed on error. It was not, according to the decisions here, necessary to *non pros.* the common counts before taking a judgment by default on the count upon the note. And the Court will not look behind the declaration, and reverse for an error apparent upon the writ.

COLLIER, C. J.—It has been repeatedly holden, that where the common counts in *assumpsit* are added to a count on a note, that the plaintiff may take a final judgment by default, although no particular disposition is made of the common counts. The amount of the recovery, however, should not exceed the sum expressed in the note with interest. [Graves v. Lake, at this term, and cases there cited.] It is objected that in the present case, the judgment falls short of the note, five hundred dollars, and it cannot be intended that it is for the money thereby promised to be paid. This argument is not defensible. The reasonable inference is, that the note had been reduced by payments; and this is authorized by the principle which requires that all fair presumptions shall be made on error, in favor of the judgments of inferior Courts.

2. The second section of the act of 1818, enacts, "Whenever a writ shall issue against any two or more joint, or joint and several obligors, covenanters or drawers, of any such bond, covenant, bill or promissory note, or against two or more of the defendants to any such joint judgment, it shall be lawful for the plaintiff or his attorney, at any time after the return of said writ, or an *alias* writ, to discontinue such action against any one or more of the defendants, on whom such writ, or *alias* writ, shall not have been executed, and proceed to judgment against any one or more of said defendants on whom said writ shall have been executed, or proceed to issue an *alias* or *pluries* writ, at his election. This statute does not make the return of *non est inventus* the only evidence of the non-execution of the process; and where the return affirms its execution on one of two defendants, but is silent as to the other, the legal conclusion is, that there was no service on the latter. Under such circumstances a discontinuance is authorized by the act cited. [Aik. Dig. 267.]

3. In Teer v. Sandford & Cleaveland, [1 Ala. Rep. 525,] it appears that a writ issued at the suit of the plaintiffs for the use of another. The declaration states that the plaintiffs, "who in the writ are said, by mistake, to sue for the use of John H. Ezell, now for their own proper use and benefit sue," &c. This Court say, "the mistake of inserting the name of a *cestui que use* is as much beyond the reach of amendment as a mistake in the name of any other party. Under our statute the *cestui que use* is liable for costs, [Aik. Dig. 262, §22;] therefore, if for no other reason, the defendant had an interest in preventing it, and might be affected by a change of parties." There the variance between the writ and the declaration appeared on the face of the declaration, and was taken advantage of by demurrer; here the substitution of one beneficial plaintiff for another is shown by a reference to the writ. Ordinarily, a variance between the writ and declaration can only be reached by plea in abatement, but the rule is not of universal application. Thus in Elliott v. Smith & Co. use, &c. [1 Ala. Rep. 74,] the writ issued in the name of Smith & Co. for the use of Harralson, and the declaration was in the name of Harralson; no objection was made in the Circuit Court to the irregularity, but a final judgment by default was rendered, yet this Court reversed the judgment on the ground that the declaration was a nullity. So in Randolph v. Cook & Ellis, [2 Por. Rep. 286,] a judgment by default was rendered for want of a plea, even after an appearance had been entered. On error this Court referred to the writ to ascertain whether the suit was not prematurely brought, and on that ground reversed the judgment of the County Court. To these citations others similar in principle might be adduced, but these are deemed quite sufficient to show, that in cases analagous to the one before us, this Court will look to the writ, to ascertain if the error complained of does exist. In this view of the case, Teer v. Sandford and Cleaveland is decisive of the point, and the consequence is, the judgment of the Circuit Court is reversed and the cause remanded.