## JONATHAN WILLIAMSON, Respondent, *v.* URIAH P. MONROE, Appellant.

When the allegations of the bill are general in their nature, and the equities are fully denied by the answer, such a case is not presented as will justify the appointment of a receiver, the withdrawal of the property from the hands of one intimately acquainted with all the affairs of the concern, and placing it in the hands of another, who may not be equally competent to manage the business.

APPEAL from the Fourth Judicial District.

The complaint in this case, set forth that the defendant and one Henry Williamson were engaged as partners in general business, for three years, prior to the 10th January, 1853, when they dissolved by mutual consent, and it was agreed that defendant should settle and arrange the business of said co-partnership, collect the debts, pay liabilities, &c., and account to the said Henry Williamson for all assets of every description which might come into his hands, and should arrange said business before April, 1853, and pay over to said Williamson, $15,000 in money, as part of said assets of said firm, to which said Williamson would be entitled; that all the assets of the said firm remained in the hands of said defendant, and under his control, which exceeded $60,000 in value, and which the bill proceeds to enumerate so far as the complainant had knowledge. That said Williamson, with the consent of defendant, conveyed, on the 14th March, 1853, all his interest and estate in the partnership property and assets, to Napoleon Stone, who, on the 8th May, 1853, sold and conveyed the same to the plaintiff.

And charges that defendant is wasting the property, applying the same to his own use, has not applied the assets in discharge of the debts of the firm, &c., and has refused to account to complainant. That defendant has no property except the partnership property, &c., and prays that defendant may be compelled to answer, &c., and fully account for all the assets, &c., and show his disposition of them, what debts are due, what paid, &c., and that a receiver be appointed to take possession of said property, books, papers, &c., of the firm, with power to collect the

debts, &c.; and charges that plaintiff believes that defendant will sell said property, assign the notes, &c., for the purpose of defrauding him, unless restrained, and prays for an injunction to restrain him from so doing; and to restrain creditors from paying their debts to the defendant; and that an account may be taken of all matters relating to said copartnership, the debts collected, and the property sold, and the plaintiff paid as he may be entitled to the same, and for further relief.

May 19, 1853, the court, on the above application, ordered an injunction to issue against defendant, in conformity to the prayer, until further order in the premises.

The answer of the defendant admits the partnership and its dissolution, but denies that he was bound to arrange the business before the 1st April, 1853, or on any other day; denies any promise to pay the said Henry Williamson $15,000, as his part of the assets, or any other definite sum; but admits that he is bound to settle up the business and pay his equal part to said Williamson. The answer then proceeds to state the condition of the assets, the amount received by him, the amount collected, the amount paid, the amount on hand, and the amount yet due, specifying particularly in each case, as charged in the complaint, and denies any misapplication of the funds, and asserts, that the charge that he has no property except that of the partnership, is false; admits the sale to Stone, but denies that he agreed to pay $15,000 on the 1st April; that he never refused to account, because an account was never demanded of him, and admits that Stone has stated that he had sold his interest in the property, to defendant, but does not know the fact.    Denies wasting the estate, and states that he was the acting member of the firm, and knows all about the business, and if the settlement were put into the hands of any one else, the concern would suffer immense loss, and prays that the injunction be dissolved, and that he be permitted to continue to conduct the affairs, &c., and that plaintiff's complaint be dismissed.

There were several affidavits introduced by the respective parties, and submitted to the court in relation to the property of Monroe, his statements, made at different times, at variance with his answer, which being considered, the court denied the motion for

an injunction. But further ordered, that J. Parker, Esq., be appointed receiver in the case, and hold the property, money, &c., till the further order of the court, and to give bond in $20,000 for faithful performance. Defendant appealed.

No brief for appellant.

——, for respondent.

It was contended that the order was not appealable; that it did not affect a *substantial right*, but was a mere incident in the course of the administration of justice, the rights of defendant being the same, whether a receiver was appointed or not: 3 Harr. Rep. 338; 7 Code Rep. 3; Hazelton *v.* Wakeman, 3 Br. Rep. 457; 3 John. Ch. 534; 16 Wend. 369; Barbour Ch. 610, 11.

Upon bill and answer, and affidavits, the appointment of a receiver, and continuance of the injunction, rests in the sound discretion of the court. Sto. Eq., sec. 851; 6 Wend. 369.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

This action was brought for an account of partnership property, to restrain the defendant from further interfering or controlling it, and for the appointment of a receiver to take possession of all the assets of the concern.

The bill alleges waste, and improper application of moneys of the firm, &c.

· It appears from the record, that the defendant, and one Henry Williamson, had been engaged for some three years in various speculations and business; and on the dissolution of the partnership, it was agreed in writing, that Monroe should settle all the accounts, and wind up the business of the firm. Williamson afterwards sold out his interest to one Stone, who conveyed to the present plaintiff on the 8th day of May, 1853.

Twelve days after the execution of this conveyance, the plaintiff, becoming dissatisfied, both with the honesty of his partner, and the character of his purchase, commences his action to take the property from the custody of the defendant, and to ascertain the nature and quantity of his interest.

The allegations of the bill are general in their nature, so much so, that the defendant could hardly be indicted if his answer were false, and the equities are fully denied by the answer. The defendant denies that he has been guilty of any waste or improper expenditure, or appropriation of the partnership property.

The plaintiff is certainly entitled to an account, but the record shows no case which would justify the withdrawal of the property from the hands of one intimately acquainted with all the affairs of the concern, and placing it in the hands of another, who may not be equally competent to manage the business, particularly as such transactions are always attended with enormous expense and vexatious delays. The injunction is dissolved, and the cause remanded.