TWIGGS V. W. RHODES, plaintiff in error, vs. GEORGE W. LEE, defendant in error.

1. This Court will not control the discretion of the Circuit Judge in refusing to appoint a Receiver, and in dissolving an injunction, where all the equity of the bill is successfully avoided by the answer.

Bill in equity, in Fulton Superior Court.   Decision by Judge O. A. BULL, at October Term, 1860.

On the 30th day of August, 1860, Twiggs V. W. Rhodes exhibited his bill in equity against George W. Lee, alleging, that some time in the month of June, 1859, he and George W. Lee formed a partnership for the purpose of carrying on the business of sawing and selling lumber; that they purchased a steam engine, saws and fixtures for a saw mill; that they also purchased a horse and wagon, and put up and set the mill to running on land belonging to the parties jointly; that the partnership property was worth about $4,000 00; that the mill began operations about the 1st November, 1859, sawing lumber and laths, and so continued up to the filing of the bill, and in that time made, as complainant charges, $1,000 00 net profits; that the proceeds of the mill, the books, accounts for lumber, assets and property of the firm, are all in the hands of Lee, who is insolvent, and is collecting the accounts and converting them to his own use, and is wasting the assets and property of the partnership; that Lee refuses to settle with complainant, or give him access to the books of the firm, or allow him in any manner to control the assets and property; that the firm owes about $1,000 00, for which complainant is liable, and will have to pay on account of Lee's insolvency; that complainant has paid into the concern $4,195 12, and exhibits with his bill an account of such payments.

The prayer of the bill is for a discovery of the facts; for an accounting; for an injunction restraining Lee from running or disposing of the mill, or any of its fixtures, collecting the debts due the firm, or wasting any of the assets whatever; the appointment of a Receiver; and for general relief.

Rhodes *vs.* Lee.

On the 10th of September, 1860, the bill was sanctioned, and the injunction granted as prayed for, and an order *nisi* was also granted, calling upon the defendant to show cause why a Receiver should not be appointed according to the prayer of the bill.

At the time and place of hearing, the defendant appeared and filed his answer to the bill, and also produced numerous affidavits of other persons as a showing against the appointment of a Receiver, and in favor of a dissolution of the injunction that was granted.

The Reporter does not deem it necessary to set out in this statement the contents of the answer, and the affidavits in detail, as they are voluminous. Suffice it to say, that the answer plainly, fully, and distinctly denies every material fact and circumstance upon which the equity of the bill is based, and that the affidavits accompanying the answer sustain and support it very fully and strongly. The complainant filed two affidavits, which but feebly corroborated his bill in some of its unimportant allegations, and one of them was afterwards modified by the affiant until it rather contradicted than sustained the complainant.

Upon the showing made, the presiding Judge not only refused to appoint a Receiver, as prayed for in the bill, but dissolved the injunction which he had previously granted, and that decision is the error complained of in the bill of exceptions.

SIMS & HOYT, for plaintiff in error.

HAYGOOD & JOHNSTON, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The Court below dissolved an injunction previously granted in this case, and refused to appoint a Receiver upon the coming in of the answer, and upon affidavits filed by the complainant in support of the bill, and by the defendant in support of his answer, and the complainant excepted.

A careful examination of the bill, answer and affidavits filed, has satisfied us:

1st. That all the equity of the bill is successfully avoided by the answer.

2d. That the affidavits filed by the complainant gave very feeble support to his bill, whilst the affidavits filed by the defendant strongly corroborate his answer.

We therefore think the judgment excepted to, correct.

Let the judgment be affirmed.