## HOBART v. BALLARD.

Partnership: DISSOLUTION: APPOINTMENT OF RECEIVER  To entitle one claiming to be a partner to the appointment of a receiver to wind up the affairs of the concern, it must appear that there was a completed partnership, at least so far as to entitle him to a participation in the profits.  An agreement of partnership which has not been executed to this extent is not sufficient.

*Appeal from Johnson District Court.*

WEDNESDAY, JUNE 14.

PLAINTIFF alleges that he formed a partnership with defendant in the publication, at Iowa City, of the Daily and Weekly Tribune, and that defendant has excluded him from a participation in the business of the partnership. He prays a dissolution of the partnership, the appointment of a receiver, and the issuance of an injunction, restraining a sale or incumbrance of the partnership property.

Upon the hearing, a receiver was appointed and an injunction granted as prayed. The defendant appeals. The necessary facts are stated in the opinion.

*Kirkwood & Finch, Cornell Bros.* and *Clark & Haddock* for the appellant.

*Gaston & Williams* and *Fairall, Boal & Jackson* for the appellee.

DAY, Ch. J.— Upon the trial, from the evidence presented the court found certain facts, which are fully sustained by

the evidence, and are made the basis of this opinion. These facts are as follows :

1st.   " On the 8th day of August, 1870, the plaintiff and defendant entered into a contract by which the plaintiff agreed to purchase of the defendant the one-half of the printing establishment in question for the sum of $2,000— $1,500 in cash, and the balance by note, executed by the wife of plaintiff herein."

2d.   " The purchase was to be in the name of plaintiff's wife. This was afterward abandoned, and it was agreed that plaintiff was to be nominal as well as real purchaser and partner, and that a less sum than $1,500 should be paid in cash and a credit to Jan. 1, 1871, given for the residue."

3d.   " The plaintiff paid to the defendant on this contract, as modified, the sum of $1,295."

4th.   " It was contemplated by the parties, in the first instance, that the contract should be fully performed by payment of the money, and the giving of the note within a short time. But it does not seem, from all the testimony, as well as the acts of the parties, that plaintiff was to share in the profits, or to be an acting partner, until that money should be paid and the note given, or until final payment, as the contract was modified. However, the testimony has not particularly to this point been directed ; and, as it may be a question on the final hearing, I do not here determine it."

5th.   " The defendant, before the 1st day of January, 1871, and before the filing of this petition, refused to permit plaintiff to continue in the office as an assistant editor."

6th.   " On the 31st day of December, 1870, the defendant offered in writing to repay plaintiff the $1,295, which the plaintiff agreed to receive, but it was not paid."

From the facts found we are of opinion that the receiver should not have been appointed. To entitle the plaintiff to the appointment of a receiver, it must appear that there

was a partnership *completed*, so far as to entitle him to a participation in the profits. It is this right to a participation in the profits, and the danger that one partner might not, during the pendency of an action for dissolution, honestly and fairly account to his copartner for the same, which constitutes the principal reason for the appointment of a receiver.

Upon the plaintiff is the burden of establishing the existence of a partnership at the time the application was made for the appointment of a receiver.

This he has failed to do. The court below found, as a fact, that " *it does not seem from all the testimony, as well as the acts of the parties, that plaintiff was to share in the profits, or to be an acting partner until the money should be paid and the note given, or until final payment, as the contract was modified.*" Having failed, then, to show an existing partnership, or a present right to participation in the profits, his application for the appointment of a receiver should have been denied.

As the plaintiff has paid a large sum of money upon the purchase, part, of the press and other material of the establishment, and is thus equitably entitled to have his claim satisfied out of said property, the injunction restraining the sale or incumbrance of the same should be continued until his demand is discharged.

The judgment of the district court is reversed, and the cause remanded for further proceedings in harmony with this opinion.

Reversed.