MARGARET A. McKAIG, and others *vs.* HENRY JAMES, and others.

*Debts of a Decedent—Receiver—Rents and Profits of Real estate—Hearing on Petition and Answer.*

If the real and personal estate combined, of a deceased person, be sufficient to pay his debts, his creditors have no reason to apply to have a receiver appointed to take charge of the rents and profits of the real estate and appropriate the same to the payment of such debts. If, however, a strong probability of the insufficiency of the real and personal estate of such deceased, to pay his debts, be shown, a Court of equity ought to interfere and appoint a receiver.

Where a case is heard on petition and answer, all statements in the answer must be regarded as true, if they are susceptible of proof by legitimate evidence.

APPEAL from the Circuit Court for Alleghany County, in Equity.

The case is stated in the opinion of this Court. The appeal is taken from so much of the decree of the Circuit Court as appointed receivers to take charge of the real estate of Thomas J. McKaig, deceased, and to collect the rents thereof, &c.

The cause was argued for the appellants before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J., and submitted on brief for the appellees.

*James A. McHenry,* for the appellants.

*Robert H. Gordon,* and *J. H. Gordon,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

A decree was passed by the Circuit Court for Alleghany County, sitting in equity, for the sale of the real estate of

Thomas J. McKaig, deceased, on the ground that his personalty was insufficient for the payment of his debts. Afterwards a petition was filed by certain of his creditors praying that a receiver might be appointed to take charge of the real estate of deceased, and collect the rents and profits for the benefit of the creditors. If the real and personal estate combined, were sufficient to pay the debts of the deceased, the creditors would have no reason to apply the rents and profits to their payment. They would be fully paid without a resort to them. If, however, a strong probability of this insufficiency should be shown, a Court of equity ought to interfere and appoint a receiver. The creditors ought to be relieved from the hazard of losing their debts, so far as the rents might contribute to secure them. *Warfield vs. Owens,* 4 *Gill,* 364. In this case no reasonable ground is shown for inferring that the real and personal estate combined will not be fully adequate to pay the decedent's debts. The application for the appointment of a receiver was heard on petition and answer. In the petition it is not averred that the proceeds of the sale of the real estate will not be adequate to the payment of all the debts, when taken in conjunction with the personalty. In the answer, however, it is distinctly stated that the real estate is abundantly sufficient to pay all the debts of the deceased. When the hearing is on petition and answer, all statements in the answer must be regarded as true if they are susceptible of proof by legitimate evidence. *Crowe vs. Wilson,* 65 *Md.,* 479; *Eversole vs. Maull,* 50 *Md.,* 95.

The Court modified the decree originally passed, and in the modified decree appointed receivers of the real estate, with power to rent it. That portion of the decree which appointed receivers must be reversed.

*Decree reversed in part, with*
*costs to the appellants in this Court,*
*and cause remanded.*

(Decided 15th March, 1887.)