# Irwin v. Everson.

*Bill in Equity for Settlement of Partnership Accounts.*

1. *Receiver between partners.*—In a suit for the settlement of partnership accounts, a receiver will not be appointed at the instance of complainant, when the defendant, who has possession of all the property alleged to belong to the partnership, denies the existence of any partnership, and is entirely solvent and able to respond in damages.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 15th of December, 1890, by George E. Everson against Robert L. Irwin, and prayed the dissolution of an alleged partnership between the parties, a settlement of the partnership accounts, and the appointment of a receiver to take custody of all the partnership property and effects. The chancellor appointed

[Irwin v. Everson.]

a receiver after answer filed, in which the defendant denied the existence of any partnership between him and the complainant; and this decretal order is here assigned as error.

H. C. BULLOCK, and J. T. HOLTZCLAW, for appellant, cited High on Receivers, §§ 476–78; *Bard v. Bingham*, 54 Ala. 463; *Briarfield Iron Works v. Foster*, 55 Ala. 636; *Randle v. Carter*, 62 Ala. 96; *Hughes v. Hatchett*, 55 Ala. 631; *Scott v. Ware*, 65 Ala. 174.

WM. S. THORINGTON, and JNO. M. CHILTON, *contra*, cited High on Receivers, 2d ed, § 479; 2 Lindley on Partnership, 551; 1 Bates on Partnership, § 86; *Hottenstein v. Conrad*, 9 Kans. 440.

McCLELLAN, J.—This appeal is prosecuted from an interlocutory order appointing a receiver of the partnership alleged to exist between Everson, the complainant, and the defendant Irwin. The fact of partnership, alleged in the bill, is denied by the answer; and on the application of complainant for the appointment of a receiver affidavits were submitted on both sides of the issue thus made. Moreover, it is manifest, indeed is admitted, that the contemplated co-partnership was never consummated as to that part of its subject-matter which consisted of realty, for the want of articles in writing signed by the parties; and it may be that the alleged contract, even conceding one to have been entered into by parol, will have to be taken as an entirety in such sort that it can not be upheld as to the personalty and avoided as to the realty. It is not necessary for us, however, to decide either the issue of fact as to the existence of any contract or copartnership, or the question of law as to the effect of the failure of the alleged arrangement as to the land upon that part of the transaction which related to personal property. Not only so, but we apprehend that it would be affirmatively improper to decide at this stage of the litigation, and upon the *ex-parte* showings found in this record, whether or not any partnership has ever existed between the parties. Suffice it for all the purposes of this appeal that there is a *bona fide* dispute between the parties as to the existence of the partnership averred in the bill, and a substantial doubt enveloping that issue, and that it clearly appears—the contrary not being alleged—that Irwin, who denies the partnership, and has possession of the property claimed to constitute its assets in part, is entirely solvent, amply able to respond fully to any measure .

of relief which can possibly be decreed to the complainant on the facts set forth in his bill. In such case, the Chancery Court should not intervene by its receiver. To do so—thus, without any concession of the existence of a partnership, but on the contrary in the face of a *bona fide* denial of the fact, and in advance of any final determination that the alleged relation does exist—might well be to take from the defendant property in which the complainant has no interest, and subject it to an expensive and exhausting administration on the joint account of parties, one of whom is in fact without any right in the premises, only to the end of ultimately adjudging it to be the defendant's property, and making restitution to him of such of its proceeds as have not been expended under the receivership, and all this when, even from the point of view of the complainant, his rights could be fully conserved by a mere accounting between the parties, and the enforcement of the decree for any balance in his favor against the property of the defendant. *Peacock v. Peacock*, 16 Ves. 49; *Fairborn v. Pearson*, 2 Mac. & G. 144; *Goulding v. Bain*, 4 Sand. 716; *Hobart v. Ballard*, 31 Iowa, 521; *Williamson v. Monroe*, 3 Cal. 383; *Popper v. Shreider*, 7 Abb. Pr. 56; High on Receivers, §§ 476-7-8.

The Chancellor, in our opinion, erred in appointing the receiver; and his order in that behalf is reversed, and it is here ordered that the receiver be discharged.

Reversed and rendered.