## MINOS L. WRIGHT ET AL. *vs.* JAMES H. WILLIAMS.

*Jurisdiction of Equity and of the Orphans' Court to Supervise Sale of Land Directed by a Will to be Sold—Right of Court First Assuming Jurisdiction—Failure of Executor to give Counter Security.*

When a will directs land to be sold, the jurisdiction of equity under Code, Art. 16, sec. 79, to appoint a trustee to make the sale is not ousted by Code, Art. 93, sec. 283, which provides that when a testator has directed his real estate to be sold for any purpose and the executor shall refuse to act or fail to exercise the power, the Orphans' Court may appoint an administrator *d. b. n. c. t. a.* to execute the trusts of the will. In such cases both Courts have concurrent jurisdiction, and the one which first exercises the jurisdiction is entitled to retain it.

A testator directed his real estate to be sold by his executor and the proceeds to be distributed, after the expiration of a life-estate therein devised to his widow. The executor, during the existence of the life-es-

tate, was ordered by the Orphans' Court to give counter security and upon his failure to do so was removed from office, under Code, Art. 90, sec. 1, relating to counter security, but no one was appointed in his place.   Upon the death of the widow some of the devisees in remainder filed a bill in equity for the appointment of a trustee to sell the land. The executor subsequently filed a petition in the Orphans' Court offering to give the security required and asked to be appointed administrator *c. t. a.* to execute the trust for sale.   Under Code, Art. 93, sec. 283, and Art. 16, secs. 79, 81, both the Orphans' Court and a Court of equity have jurisdiction to supervise the sale of land under such testamentary power.   *Held,*

1st.  That if at the time of the death of the life-tenant there had been in existence an executor or administrator *c. t. a.* he would have had authority to exercise the power of sale and could have proceeded either in the Orphans' Court or in the equity Court.

2nd.  That the failure of the executor to give the counter security required by the Orphans' Court was a refusal to act within the meaning of Code, Art. 93, sec. 283.

3rd.  That upon the death of the life-tenant the Orphans' Court and the equity Court had concurrent jurisdiction to supervise the execution of the power of sale, and since the latter Court first assumed jurisdiction, it is entitled to retain the same exclusively, and the Orphans' Court has no power to appoint an administrator *c. t. a.* to sell the land.

Appeal from the Orphans' Court of Dorchester County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John R. Pattison* and *Frederick H. Fletcher*, for the appellants.

*Thomas W. Simmons*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

Ezekiel Williams, of Dorchester County, died in 1883, leaving a will which has been duly probated and recorded.   By this will the testator devised to his wife for life a tract of land or farm and directed that after her death the land should be sold by his executor therein named, and the proceeds be divided among all his children.   His son, the appellee, James H. Williams, was named as executor in the will, duly qualified as such, entered upon the discharge of his duties and fully closed

the administration of the testator's personal estate. After having thus performed his duty in reference to the administration of the personal estate in the Orphans' Court he became, as he alleges, financially involved, and one of the sureties on his testamentary bond applied to the Orphans' Court by petition asking that he be required to give counter security. This he was ordered to do. But he refused or failed to comply with this order, because, as he alleges, of temporary financial difficulties. He was thereupon, on the 13th June, 1899, by order of the Orphans' Court, removed from the office of executor under sec. 1, Art. 90, relating to counter security, but no one was appointed in his place. In July or August last the widow of the testator died, and it became necessary to appoint some person to execute the trusts of the will, namely, to sell the land which had been devised to the testator's widow during her life.

On the 28th August last the appellee filed a petition in the Orphans' Court above mentioned, in which he sets forth the facts we have thus detailed, alleging that he had emerged from his financial difficulties and was ready and willing to furnish any bond which the Court might require for the execution of the trusts under the will. Some of the parties interested filed a paper consenting to his appointment, but the appellants objected and filed a petition asking leave to answer, which they were permitted to do.

On the 4th September last, the Court passed an order granting their prayer and on same day they answered setting up a number of objections why James H. Williams should not be appointed as administrator. The view we have adopted renders it unnecessary to notice more than one of these objections, and that is that before Williams had filed his petition asking to be appointed administrator, and at a time when there was no person in existence with power to execute the trust by selling the land the testator had devised to his wife, the appellants or some of them had filed a bill in the Circuit Court for Dorchester County asking that Court to assume jurisdiction and appoint a trustee to sell the land devised to the widow. It is

true that the Orphans' Court also had jurisdiction. The two Courts had concurrent jurisdiction. By Act 1865, ch. 62, sec. 1 (sec. 283 of Art. 93 of the Code), it is provided that in all cases in which a testator by will has directed his real estate to be sold for the payment of debts or for any other purpose and the executor shall refuse or decline to act, or shall die without executing the power vested in him, the Orphans' Court may upon petition of any party interested appoint an administrator *d. b. n. c. t. a.* to execute the trusts of the will; but the Act of 1785, ch. 72, sec. 4, which is now and has always been a part of our Code (now codified as sec. 79, Art. 16), provides that under similar circumstances the Circuit Court, as a Court of equity, may appoint a trustee to execute the trusts of the will. By section 81 of the same Article, it is provided that nothing in the testamentary law of this State (Art. 93), shall be construed in any manner to affect the general superintending power of Courts having chancery jurisdiction with respect to trusts. It seems, therefore, to have been the design of the Legislature in conferring upon Orphans' Courts this jurisdiction to save, in ordinary cases, the expense and delay incident to chancery proceedings, but not to take away jurisdiction in equity where parties choose to invoke it. *Keplinger* v. *Maccubbin*, 58 Md. 263. Hence, if there had been in existence an administrator *c. t. a.* at the death of the life-tenant, he would undoubtedly have had authority under the will to execute the trust, and he could with propriety have proceeded under the supervision of either the Orphans' Court or the Equity Court to sell the land and distribute the proceeds. Sections 282 and 283, Art. 93; secs. 79 and 81, Art. 16 of the Code. *Keplinger* v. *Maccubbin*, 58 Md. But, as we have seen, there was no such executor or administrator—the executor appointed by the will having been removed, because of his failure to give counter security—and the appellee not having been then appointed as administrator *d. b. n. c. t. a.*

The question, therefore, arises whether the facts of this case as set forth in the petition and answers bring it within the provisions of the sections we have above cited. In other words

does the fact that the appellee was required to give counter security and failed or refused to do so, constitute a refusal or declination to act within the meaning of those sections. A refusal to give counter security under the provisions of sec. 1, Art. 90, is a refusal to perform an official act imposed by law, and in our opinion, is as direct a refusal to act as if he had declined to give a testamentary bond when he was called on to qualify as executor (*Bay* v. *Posner*, 78 Md. 42), or had filed in the Orphans' Court a written refusal to act.

It follows, therefore, necessarily that the Circuit Court and the Orphans' Court having concurrent jurisdiction, the one first invoked has exclusive jurisdiction. It appears by the answer of the appellants filed in the Orphans' Court, which must be taken as true, that before these proceedings were begun in the Orphans' Court the appellants had, with the full knowledge of the appellee and those acting with him, filed a bill on the equity side of the Circuit Court asking that Court to assume jurisdiction and to appoint a trustee to carry out the provisions of the will in reference to the sale of the land. These proceedings are to be prosecuted, and those in the Orphans' Court will be discontinued.

The order of the Orphans' Court appointing the appellee administrator *d. b. n. c. t. a.* will be reversed.

*Order reversed with costs.*

(Decided February 21st, 1901).