J. W. INGRAM v. CLOVER LEAF LUMBER COMPANY, a Corporation, and S. M. MASTERS, Appellants.—55 S. W. (2d) 295.

Court en Banc, December 16, 1932.

740

*Ely & Ely* and *P. S. Terry* for appellants.

*J. Henry Caruthers* for respondent.

FRANK, J.—This is an action in equity seeking the dissolution of an alleged partnership, an accounting between the alleged partners,

an injunction restraining defendants from collecting or disbursing partnership funds, and the appointment of a receiver to take immediate charge of the assets of said alleged partnership, and for such other and further relief as to the court might seem just and proper. The court appointed a receiver as prayed in the petition. A motion was filed to vacate and set aside the order appointing the receiver which was overruled, and defendants have appealed.

Plaintiff's verified petition reads as follows:

"Comes now the plaintiff J. W. Ingram, and for his cause of action states that he is a resident of Cape Girardeau, Missouri, and that the defendant Clover Leaf Lumber Company is a corporation organized and existing under the laws of Missouri, with its principal place of business in St. Louis; that S. M. Masters is a resident of the City of St. Louis, and that the defendant Citizens Bank of Festus is organized and exists under the laws of Missouri, and is and was at all times mentioned herein, engaged in the banking business at Festus, Missouri.

"Plaintiff states that on or about the . . . day of June, 1931, plaintiff entered into a partnership with defendants, Clover Leaf Lumber Company and S. M. Masters, under the name and style of Clover Leaf Piling Company with offices in the City of St. Louis, for the purpose of engaging in and carrying on the general business of buying and selling piling, and have ever since been engaged in said business pursuant to said partnership agreement.

"Plaintiff states that his contribution to the partnership consisted of approximately twenty-three hundred (2300) pieces of piling, leases on various concentration yards, operating equipment, orders for piling and good will, all of the approximate value of nine thousand and no/100 ($9,000.00) dollars; that defendants, Clover Leaf Lumber Company and S. M. Masters contributed to the partnership the sum of nine thousand and no/100 ($9,000.00) dollars in cash; that it was agreed that plaintiff should bear half of any losses suffered in the operation of the business and should receive half of any profits made in the business; that defendants Clover Leaf Lumber Company and S. M. Masters should bear half of any losses suffered in the operation of the business and receive half of the profits.

"Plaintiff states that since the beginning of said partnership and while plaintiff and defendants were conducting their business, the defendants have at divers times appropriated to their own use from the receipts of said business certain sums of money belonging to the business of said firm, said sums being greatly in excess of the amount to which the defendants were entitled; that by reason of said action of defendants in appropriating said funds to their own use, the defendants have become greatly indebted to the partnership, which

indebtedness the plaintiff has requested the defendants to pay, but said defendants have refused to comply with said request and continued to appropriate partnership moneys received by them to their own use and that by reason of the misappropriation of the partnership moneys defendants have greatly increased their indebtedness to the partnership and have thereby diminished its assets and the value of its property.

"Plaintiff states that by reason of said misappropriation and threatened dissipation of the funds as aforesaid the defendants have received and will receive the approximate sum of five thousand and no/100 ($5,000.00) dollars in excess of their proportionate share of the assets of the partnership and that they still continue to collect the moneys belonging to the partnership and threatened to appropriate the same to their own use.

"Plaintiff states that the Citizens Bank of Festus is the depository of the Clover Leaf Piling Company.

"Plaintiff further states that he has during the months of April and May, 1932, sold to the Clover Leaf Piling Company quantities of piling, after all set-offs and credits were allowed, at and for the price of five hundred thirty-seven and 05/100 ($537.05) dollars, which defendants Clover Leaf Lumber Company and S. M. Masters refused and still refuse to pay, although repeated demands have been made for payment.

"Plaintiff further states that he has paid out during the life and on behalf of the partnership, various and divers sums of money for the purchase of piling, labor, traveling and hotel expenses any other necessary expenses in and the sum of approximately twelve hundred and no/100 ($1200.00) dollars, for which plaintiff has not been reimbursed and which defendants Clover Leaf Lumber Company and S. M. Masters refused and still refuse to pay though repeatedly requested so to do.

"Plaintiff further states that said defendants are threatening to further dissipate the partnership funds now on deposit in the Citizens Bank of Festus, Missouri, by checking it out and appropriating it to their own use.

"Plaintiff further states that the defendant Clover Leaf Lumber Company has wrongfully held itself out as having authority to transact business for the Clover Leaf Piling Company by using its printed stationery for correspondence and contracts in relation to the partnership business, all in violation and contrary to the partnership agreement.

"Plaintiff further states that he negotiated and contracted with E. L. McCain, a contractor, for a large quantity of piling for river work at Glasgow, Missouri, for and on behalf of Clover Leaf Piling

Company, the terms of which plaintiff reported to defendant S. M. Masters who was then and still is the vice-president and general manager of defendant Clover Leaf Lumber Company; that said defendant Masters drafted the written contract for the sale of said piling to the said McCain on the printed form and in the name of defendant Clover Leaf Company, embodying all the terms and conditions agreed on, which contract was accepted and executed by said E. L. McCain and that said contract is now completed and payment of the balance thereon is now due and payable; that the consideration for said contract was the approximate sum of fifteen thousand ($15,000.00) dollars, on which there has been paid the sum of five thousand ($5,000) dollars, leaving due and payable the approximate sum of ten thousand ($10,000) dollars.

"Plaintiff further states that he has no adequate remedy at law.

"Wherefore, plaintiff prays for a judgment and decree dissolving said partnership, and for an accounting covering all the business transactions of said partnership and all the business transactions for and on behalf of said partnership made and done in the name of the Clover Leaf Lumber Company and S. M. Masters, either or both; that the defendants Clover Leaf Lumber Company and S. M. Masters be enjoined from further interfering with or in any way acting, controlling or handling any of the property, business, cash or accounts of said partnership, and from collecting or attempting to collect the said balance of approximately ten thousand ($10,000.00) dollars now due and payable from said E. L. McCain; that defendant, Citizens Bank of Festus, Missouri, be enjoined from paying out any of the partnership funds upon checks or drafts of anyone or to anyone, except upon the order of this court; that a receiver be appointed to take immediate charge of all the assets, money, accounts and property belonging to said partnership; that all of said assets subject to conversion into cash be sold and converted into cash for the purpose of paying the liabilities of said partnership and all the costs connected with this proceeding, and the profits if any, be divided between plaintiff and defendants according to their interests in the same, and for such other and further relief as to the Court may seem just and proper."

On presentation of plaintiff's verified petition, the court made the following order:

"Now at this day comes plaintiff, by attorney, and presents to the court a verified petition, heretofore filed, praying among other things for the issuance of an injunction, for the appointment of a receiver, and for a restraining order, and the court having seen and examined the same, and being sufficiently advised thereof, doth order that the defendants, and each of them, be and appear in this court in Division

No. 2 thereof, on Thursday, June 16, 1932, at 10 o'clock A. M., then and there show cause, if any they have, why a temporary injunction should not be granted, and why a receiver should not be appointed as in said petition prayed.

"It is further ordered by the Court that in the meantime and until the further order of the Court, conditioned upon plaintiff giving a good and sufficient bond in the penal sum of seven hundred fifty dollars ($750.00) with surety to be approved by the Court, Judge or clerk thereof in vacation, that the defendants, Clover Leaf Lumber Company and S. M. Masters, be enjoined and restrained from interfering with or in any way acting, controlling or handling any of the property, business, cash or accounts of the partnership described in said petition, and from collecting or attempting to collect the balance of approximately ten thousand dollars ($10,000.00) now due and payable from E. L. McCain.

"It is further ordered by the Court that the defendant Citizens Bank of Festus, Missouri, be enjoined and restrained from paying out any of the partnership funds upon checks or drafts of anyone or to anyone, except upon the order of this Court.

"Injunction bond in the penal sum of seven hundred fifty dollars ($750.00) with Maryland Casualty Company, a corporation, of Baltimore, Maryland, as surety, approved by the Court and filed."

In obedience to the order of the court to show cause, defendants appeared and filed a verified answer in which they specifically denied all of the allegations of the petition upon which plaintiff relied for the appointment of a receiver, and by way of cross-bill alleged facts showing that plaintiff was indebted to defendant in the sum of $1453.89, for which sum, judgment was asked against plaintiff. Defendants' verified answer raised an issue of fact as to the alleged necessity of a receivership, and placed the burden upon plaintiff to establish such alleged necessity by competent proof before the appointment of a receiver would be authorized. 1 Clark on Receivers, section 83, states the rule thus: "When the defendant denies the plaintiff's bill he makes the allegations of plaintiff's bill an issue of fact, which must be met by proof. Even if the plaintiff's bill alleges facts which would authorize the court to appoint a receiver, nevertheless it will not do so until the issues of fact have been disposed of, unless in extraordinary cases the court from the circumstances presented to it determine that a temporary receiver is absolutely necessary pending a determination of the facts." 53 Corpus Juris, page 66, section 66, says: "It is a well-established rule that, where all the equities and essential allegations in the bill, petition or complaint upon which plaintiff relies for the appointment of a receiver have been fully met and denied in a sworn or verified answer, a receiver

cannot properly be appointed unless plaintiff overcomes the denials in the answer by further proof in support of his pleading.''

This court in the case of Bushman v. Bushman, 311 Mo. 551, 577, 279 S. W. 122, states the rule as follows:

''A sworn answer of a defendant fully denying all the equities pleaded in a petition amounts, in practice, upon the hearing of an application for the appointment of a receiver, to a *prima facie* case in favor of the defendant. Upon the filing of such an answer the application will be refused, unless the plaintiff introduces in support of his petition such evidence as will overcome the denials of the answer. The reason for this rule is stated by the courts to be that 'the plaintiff having addressed himself to the conscience of the defendant has made her a witness, and her answer must be taken as true unless overcome by countervailing proof.' [Williamson v. Monroe, 3 Cal. 383; Rhodes v. Lee, 32 Ga. 470; Thompsen v. Diffenderfer, 1 Md. Ch. 489; McKaig v. James, 66 Md. 583; 34 Cyc. p. 133 and notes; Alderson on Receivers, sec. 134, p. 171 and notes; High on Receivers, sec. 34, p. 33, and notes.]

''This rule has been recognized to the extent of holding that the appointment of a receiver after a full denial in an answer under oath, is a judicial error subject to reversal upon appeal. [Fairbairn v. Fisher, 5 Jones Eq. (N. C.) 390.]''

In view of the well-settled rules to which we have called attention, the pleadings in this case made the necessity of a receivership an issue of fact to be determined by the court, with the burden on the plaintiff to establish that issue of fact by competent evidence. Plaintiff did not offer any evidence but contended that the facts alleged in the pleadings called for the appointment of a receiver. After plaintiff declined to offer any evidence, defendants offered evidence in support of their answer. Plaintiff has not pointed us to any facts in the defendants' evidence which tended to prove the alleged grounds for a receivership, and a careful examination of that evidence by us has not revealed any such facts. Indeed, plaintiff presented his case in the court below, and presents it here, on the theory that the facts alleged in the pleadings authorized the appointment of a receiver without any evidence tending to support the alleged grounds for a receivership. For reasons heretofore stated, this contention cannot be upheld.

It is true that it appears from the pleadings and the evidence introduced by defendant, that plaintiff and defendants bought and sold piling under an arrangement that each was to contribute an equal amount to the capital necessary to start the business, and that they were to share profits and losses equally. It also appears that after plaintiff quit the alleged partnership, there was a con-

troversy about the settlement of the accounts between the parties. It is plaintiff's contention that these admitted facts authorized the appointment of a receiver. We do not so understand the law. The correct rule is stated in 47 Corpus Juris, page 1218, section 930, as follows: "The court will refuse to appoint a receiver of partnership property where it is not shown that such appointment is necessary for the protection of property rights or interests of the parties, and that there is danger of loss unless a receiver be appointed."

The mere fact that the partners are unable to agree upon an adjustment of the affairs is not a sufficient reason for the appointment of a receiver. [46 C. J. p. 1218, sec. 930; 179 Iowa, 1365, 1383.]

The record shows that the assets of the alleged partnership consisted of a few piling, approximately $200 on deposit in the bank, and an account due from one E. L. McCain which plaintiff's petition alleges amounted to approximately $10,000. There was neither allegation nor proof that McCain who owed this $10,000 account, was liable to become insolvent, or that there was danger of losing the account or any part of it if a receiver was not appointed to collect it. Neither was there any showing that the $200 cash in the bank, and the small amount of piling on hand would be lost if a receiver was not appointed to take charge of such property. Likewise there was no showing made that defendants or either of them were insolvent or liable to become so, or that they would not be financially able to pay any judgment which plaintiff might obtain against them in the accounting suit pending in the trial court.

We are not holding that either insolvency of the partner against whom relief is sought, or danger of loss of property is a prerequisite to a receivership in a case where other grounds which would authorize the appointment of a receiver are shown. What we do hold in this case is, that all of the alleged grounds upon which plaintiff relied for the appointment of a receiver being specifically denied in defendants' verified answer, an issue of fact was raised which required plaintiff to establish, *prima facie* at least, by evidence in some form, sufficient of the grounds alleged in the petition to authorize the appointment of a receiver, and this, he failed to do.

Defendants contend that the court did not have jurisdiction to appoint a receiver to take charge of property belonging to defendant, Clover Leaf Lumber Company, on the ground that a partnership existed between it and plaintiff, for the reason that said lumber company, being a corporation, had no authority to enter into a partnership. On the other hand, plaintiff contends that although corporations may not lawfully enter into partnership agreements, yet they may so conduct themselves as to create a relation in the nature of a

partnership, which renders them liable to account for their conduct the same as individuals.

We need not determine the validity or invalidity of the alleged partnership agreement. Both parties recognized the agreement and acted thereunder in the transaction of the business contemplated by the agreement from July, 1931, up to February, 1932, on which latter date plaintiff quit the alleged partnership and no further business was transacted. It is settled law that neither party to an *ultra vires* contract, may, during the performance of the contract, take from the other that to which he is not entitled, and when called upon to account therefor, hide behind the doctrine of *ultra vires*. Both parties having recognized the contract and acted thereunder, either is estopped to claim the contract is invalid, and a court of equity has jurisdiction of a suit to compel an accounting between the parties and a division of the assets of the alleged partnership in accordance with the terms of the contract.

For the reasons stated the receiver should not have been appointed, and the restraining order against defendants should not have been granted. The order appointing the receiver and granting the restraining order is reversed and cause remanded with directions to vacate said order. All concur.