## SMITH & HILL v. COBB.

*The statute, as to trials of appeals from justices of the peace, does not cure a misjoinder of parties.*

COBB recovered a judgement before a justice of the peace against Smith, the maker, and Fortner, the endorser, of a promissory note; they appealed to Madison county Court, and there by leave of the Court, Cobb dismissed the suit as to Fortner. The County Court gave judgement against Smith and Hill, his security in the appeal bond. On writ of error to the Circuit Court, they assigned as errors, that the cause was dismissed as to Fortner, and judgement rendered against Smith, when it should have been dismissed as to both; and on writ of error to this Court, they assigned the same matter here as error.

M'KINLEY and HOPKINS, for plaintiffs.

BRANDON, for defendant in error, cited Laws Ala. 449, 454, 511, 189.

JUDGE SAFFOLD delivered the opinion of the majority of the Court.

THE maker and endorser cannot be joined in the same action at law. Smith and Fortner were compelled to submit to the illegal judgement of the justice, or remove the case to an appellate Court. The appellate tribunal is directed by statute to try an appeal from the judgement of a justice of the peace, according to the justice and equity of the case, without regarding any defect in the warrant, capias, or summons, or other proceedings of the justice. I conceive that the intention of this statute was to cure such defects, or irregularities in the proceedings of justices, as do not affect the essential rights of the parties; not to sanction a misjoinder of parties. It is true, the misjoinder here was corrected in the County Court, but it was at an expense to one of the defendants, perhaps equal to the amount in controversy. It *is* the opinion of the majority of the Court, that the judgement must be reversed.

The CHIEF JUSTICE not sitting.