## LIDE *vs.* LIDE'S ADM'R.

[DETINUE FOR SLAVES BY HUSBAND'S ADMINISTRATOR AGAINST WIDOW.]

1. *Declarations in disparagement of title.*—The declarations of the husband, to the effect that certain slaves in his possession were held by him, as trustee for his wife, and not as his individual property, are admissible evidence against his administrator, in an action against the widow to recover the slaves.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by the administrator of John J. Lide, deceased, against Mrs. Mary Lide, the widow of the intestate, to recover certain slaves which Mrs. Lide claimed as her separate estate under a deed of gift from her father. One of the pleas, on which issue was joined, was *non detinet*. On the trial, as the bill of exceptions states, the plaintiff introduced a witness who testified, that said intestate, at the time of his death in 1857, and for some years previously, had possession of the slaves in controversy. "Said witness stated, on cross examination, that John J. Lide and Mary Lide were husband and wife; that said John J. Lide received said slaves, after his marriage with said Mary Lide, under a deed from her father, as trustee for his wife; that he had frequently heard said John J. Lide, whilst in possession of said slaves, say that they belonged to his wife and not to him, and only be-

longed to him as trustee for his wife; that he had often heard Mrs. Lide claim said slaves as her own property in the presence of her said husband, whilst said slaves were in his possession, and that he always admitted her claim to them." The court excluded these declarations of the intestate, against the defendant's objection; to which the defendant excepted, and which she now assigns as error.

MARTIN, BALDWIN & SAYRE, for appellant.
GOLDTHWAITE & ·SEMPLE, contra.

RICE, C. J.—Upon the authority of our former decisions, we hold, that the declarations of the plaintiff's intestate, in opposition to his own, and in favor of his wife's title, and which tended to show that the possession of the slaves by him was not held by him in the character of *husband*, but in the character of *trustee for his wife*, were legal evidence against the plaintiff; and that the court below erred in excluding them from the jury.—Gillespie v. Burleson, 28 Ala. 551; Machem v. Machem, 28 Ala. 374; Crabb v. Thomas, 25 Ala. 212; Jennings v. Blocker, 25 Ala. 415; Calvert v. Morrow, 18 Ala. 67; Oden v. Stubblefield, 4 Ala. 40; Miller v. Jones, 29 Ala. 174.

We think the authorities above cited will probably enable the court below to try the case properly. For that reason, and the additional one, that the appellant does not insist on the other points embraced by the assignment of errors, we leave those other points open and untouched.

For the error in excluding the declarations or admissions of plaintiff's intestate, the judgment of the court below is reversed, and the cause remanded.