# Louisville & Nashville Railroad Co. v. Massey.

## Statutory Action of Ejectment.

1. *Ejectment; what title can be proven after abstract furnished upon demand.*—When a party in a statutory action in the nature of ejectment, in compliance with the demand of the other party, tenders an abstract of the title upon which he will rely for recovery or defense, as required by statute (Code, § 1531), and upon the trial such party is not confined to the title stated in the abstract which he tenders, but is allowed, without objection from his adversary, to introduce evidence in support of title or claim of title other than that specified in his abstract, he is entitled to go to the jury on the title which his evidence tends to support, and can recover upon such title in the event he proves it.

2. *Adverse possession; when adverse possession of minerals not shown.*—Where a person goes into possession of land under a claim which does not embrace minerals, the possession of the surface is not adverse to the true owner as to the minerals; and adverse possession of the minerals in said land can not exist without showing some act on the part of the person in possession of the surface, which would indicate that he claimed the mineral interest.

3. *Mining rights; can not be recovered in action of ejectment.* "Mining rights" include incorporeal heriditaments which lie in grant and not in seizin, and are, therefore, incapable of possession by the owner, and are not recoverable in an action of ejectment.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was a statutory action of ejectment, brought by the appellant, the Louisville & Nashville Railroad Company, against the appellee, J. I. Massey, to recover certain minerals and mineral rights in a certain specifically described tract of land.

The defendant pleaded not guilty and also set up the statute of limitations of ten years and twenty years.

It was shown that the plaintiff adduced title from the United States through the South & North Alabama Railroad Company, and that the South and North Alabama Railroad Company sold and conveyed the premises sued for to the plaintiff in October 1874.

By notice in writing the defendant demanded of the plaintiff that he be furnished an abstract in writing of the title or titles on which the plaintiff would rely for recovery. The plaintiff furnished the defendant such abstract, and thereupon demanded of the defendant that it be furnished an abstract of title or titles on which he would rely for defense.

It was shown on the trial that in the abstract of title so furnished by the defendant, in response to the demand of the plaintiff, the defendant recited that he relied upon a certificate or agreement executed by the Alabama & Chattanooga Railroad Company, by which it was to convey the lands involved in the controversy to the defendant, said agreement being dated May 22, 1871, and recorded in the office of the Probate Judge of Jefferson county, in deed book 259 page 256.

Upon the trial the defendant introduced evidence, without objection on the part of the plaintiff, tending to show that he had been in possession of the land sued for for more than ten years, claiming it as his own, and that he occupied it to the exclusion of all others, and continued to occupy it up to the time of the trial, for more than ten years.

There was introduced in evidence the agreement referred to in the abstract of title furnished by the defendant, which showed that the Alabama & Chattanooga Railroad Company agreed to sell to the defendant the lands described in the complaint, but in this agreement the Alabama & Chattanooga Railroad Company expressly reserved the right to all minerals and mining privileges upon said land. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "If the jury believe the evidence they must find that the plaintiff is entitled to recover the mineral interest and mining rights in the

south east ¼ of the north west ¼ and the northeast ¼ of the south west ¼ of section 15, township 16, range 3, west, in Jefferson county, Alabama."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the refusal of the court to give the general affirmative charge requested by it.

THOS. G. JONES, for appellant.—The defendant did not show any right to the minerals in the land described in the complaint. None of the acts shown to have been done by Massey, in or about the lands, show any claim of right on his part to the minerals or indicate in any way any adverse claim or holding as to them.—*Kingsley v. Hillside Coal Co.*, 144 Pa. St. 613; *Arnold v. Stephens*, 24 Pick. 106; *Armstrong v. Caldwell*, 53 Pa. 284.

LANE & WHITE, *contra.*—Until there is a severance of the minerals from the surface, the adverse holding of the surface is an adverse holding of the entire estate including the minerals.—Barringer & Adams on the Law of Mines and Mining, p. 568-569; 1 Ency. of Law, (2 ed.) p. 874; *Caldwell v. Copeland*, 78 Am. Dec. 436; *Armstrong v. Caldwell*, 53 Pa. St. 284; *Plumber v. Hillside Coal Co.*, 160 Pa. St. 483; *Algonquin Coal Co. v. Northern Coal Co.*, 167 Pa. St. 114; *Kingsley v. Hillside Coal Co.*, 144 Pa. St. 613; *Delaware & Hudson Canal Co. v. Hughes et al*, 183 Pa. 66.

McCLELLAN, C. J.—Section 1531 of the Code provides that when a party in an action of ejectment or in the statutory action in the nature of ejectment tenders an abstract of the title or titles upon which he will rely for recovery or defense as the case may be, he shall on the trial be confined to such title or titles. We are of the opinion, however, that when the party is in point of fact not confined to the title stated in the abstract which he tenders, but is allowed without objection from his adversary to adduce evidence in support of title or claim of title other than that specified in his abstract, he is entitled to go to the jury on the title which his evidence tends to support, though it be not the title stated in

response to the demand for an abstract of the title or titles upon which he will rely. Hence, our conclusion in the case before us, that although the defendant in the abstract he tendered under the statute stated only a claim to the land under contract of purchase from the Alabama & Chattanooga Railroad Company, yet, if he without objection adduced evidence tending to show title by adverse possession he was entitled to have such evidence submitted to the jury and to recover upon it in the event they found he had been in adverse possession of that interest in the land which plaintiff claimed for the period of ten years. The interest which plaintiff sought to recover was the mineral deposits in and upon the soil. We find no evidence in the record of any adverse possession of this interest by the defendant. To the contrary, it is shown without controversy that the defendant held and claimed under the contract between him and the Alabama & Chattanooga Railroad Company which expressly reserved the mineral interest. It is true that the defendant testified that he at one time told the agent of the company that he repudiated this contract, but it none the less clearly and without conflict appears that he all along held under this writing and claimed only that interest in the land which the company undertook therein to convey to him, having subsequent to the time of his alleged repudiation of this contract made a payment under it, had it recorded, continued to hold it and set it forth in the abstract tendered by him on the trial of this case. The question involved is not one of the severance *vel non* of the general and the mineral interest in land by a conveyance, but whether he *claimed* the mineral interest while in possession of the land, for without such claim his possession of the surface would not be *adverse* possession of the minerals, or, more accurately, his possession of the land being under a claim which did not embrace the minerals was not adverse to the true owner as to the minerals. That he "never mined any coal or other mineral, or prospected for any coal or other mineral" on the land is admitted. On this state of case, the plaintiff was entitled to the affirmative charge with hypothesis as to the minerals, or mineral interest in and upon the land. But it does not follow that the court was under a duty

to give the charge which the plaintiff requested and the refusal of which is the subject of the only assignment of error. The charge requires a verdict not only for the mineral interest in the land but also for the "mining rights" therein or appurtenant thereto. These mining rights are, or at least must include, incorporeal hereditaments, lying in grant but not in seisin, such as rights of way over the surface, the right to dig and drive slopes and entries, and the like, rights of an intangible nature, incapable of being delivered by the sheriff or of possession by the owner, rights for a denial of or interference with which an action at law for damages would lie, and which would be considered by courts of equity, but in the nature of things cannot be recovered in an action of ejectment. It is upon these considerations that we rest our condemnation of the charge and our approval of the circuit court's action in refusing it.

Affirmed.