# Evans Marble Co. *v.* McDonald & Co.

### *Action of Assumpsit.*

1. *Pleading and practice; joint cause of action; discontinuance.*
   In an action of assumpsit against several defendants, where the complaint counts upon a joint cause of action against all of the defendants, and the record shows that each of the several defendants was served with process, the amendment of the complaint before the introduction of the evidence, by striking out one of the defendants, constitutes a discontinuance of the action against the remaining defendants.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a suit brought by the Evans Marble Company against G. J. McDonald & Company, Daniel J. McDonald, W. W. Kearn, Jackson C. Miles, and the D. J. McDonald Stone Company, a corporation. Each of these defendants was served with process. Upon the case coming on to be heard, the plaintiff amended its complaint by striking out the name of the D. J. McDonald Stone Company as a party defendant. This action was taken before the introduction of any testimony showing

any personal defense to the D. J. McDonald Stone Company; immediately thereupon, the defendants moved the court for a discontinuance of the cause, on account of the voluntary discontinuance by the plaintiff as to the D. J. McDonald Stone Company. The court at first refused this motion, but subsequently reconsidered the matter, and entered a discontinuance in accordance with the motion. Subsequently the plaintiff made a motion for a new trial. The ground for the motion of a new trial was, that the discontinuance ought not to have been granted, because the court at first refused to order the discontinuance, and thereby permitted the plaintiff to introduce his testimony; and that by proceeding with the trial when the court compelled them to do so, the defendants waived their right to a discontinuance.

This motion for a new trial was overruled. The plaintiff appeals and assigns as error the order of the court granting the motion for a discontinuance and the judgment of the court refusing a new trial.

ROACH & McMILLAN, for appellants.—It is without question that complaint can be amended by striking out a party defendant.—Code of 1896, § 3331. This statute changes the common law rule of discontinuances in this regard.—*Curtis v. Gaines,* 46 Ala. 455. When there is something in fact to amend, an amendment is always allowable.—*Bacchus v. Mickle,* 45 Ala. 445. Where a suit is brought on joint, on joint and several contract, and one of the defendants was improperly joined with others because contract was entered into by those others but not by him, plaintiff can amend by striking that defendant out and burden of proving that there was no misjoinders as originally filed is on the defendant. *Masterson v. Gibson,* 56 Ala. 56. In the present case, there was clearly a misjoinder of parties, and this fact was in evidence at the time the motion for dicontinuance was allowed, and although there may originally have been an error in refusing the said motion, it was error without injury, as was subsequently shown.

A discontinuance may be waived by the defendant by any subsequent pleading or prosecution of the defense.

In this instance the defendants, after their motion for a discontinuance was overruled, joined issue on the complaint, a jury was selected and a trial proceeded with, the defendant cross-examining plaintiff's witnesses, and actively resisting plaintiff's claim throughout the first day of trial.    Plaintiffs insist that this was a waiver of the discontinuance by the defendants.—*Torrey v. Forbes,* 94 Ala. 140; *Felkel v. Hicks & Co.,* 32 Ala. 25; *Gager v. Gordon,* 29 Ala. 341; *Bryan v. Wilson,* 27 Ala. 203; *Nelson v. Goree's Admr.,* 34 Ala. 578.

The amendement did not *ipso facto* operate a discontinuance of the action.    The parties were all in court, and the defendant made no objection to the amendment, and the motion for discontinuance will not take the place of the objection.    If it did *ipso facto* operate a discontinuance, Supreme Court would not reverse and remand. *Independent Pub. Co. v. American Press Ass'n.,* 102 Ala. 481; *Nelson v. Goree's Admr.,* 34 Ala. 578; *Stewart v. Goode,* 29 Ala. 476; *Mock v. Walker,* 42 Ala. 669.

GREGORY L. & H. T. SMITH, *contra.*—In this appeal there is involved the plain, simple question as to whether an amendment striking out one of the parties, without the introduction of any testimony showing the necessity of such action, by reason of some personal defense applicable to that defendant, and inapplicable to the others, will operate as a discontinuance of the entire cause. This question has been so often and so plainly decided that it is unnecessary to do more than to cite the authorities.—*Jones v. Engelhardt,* 78 Ala. 506; *Reynolds v. Simpkins,* 67 Ala. 378; *Kendall v. Lassiter,* 68 Ala. 181.

The defendants did not waive the discontinuance by proceeding with the trial after the court had refused their motion for a discontinuance.—*Cauldfield v. Flannagan,* 114 Ala. 48.

TYSON, J.—The complaint counts upon a joint cause of action against all the defendants named in it.    The record shows that each of the several defendants was served with process.

[Evans Marble Co. v. McDonald & Co.]

Plaintiff, without sufficient reason therefor, amended its complaint by striking out one of the defendants. Thereupon the other defendants moved the court to enter a discontinuance of the entire action. The court erroneously refused the motion.—*Jones v. Englehardt,* 78 Ala. 506, and cases cited.

However, on a subsequent day of the term, after plaintiff had introduced evidence tending to show an improper joinder of the defendant discharged by the amendment, and a liability on the part of those who had claimed the discontinuance, the court, acting upon another motion made by them discontinued the action.

While it is true the statute of amendments authorizes the striking out of a party defendant who has been served with process, (§ 3331 of Code) it has been uniformly held that this can only be done, in cases of this character, after a misjoinder has been shown.—*Bachus v. Mickle,* 45 Ala. 445; *Mock v. Walker,* 42 Ala. 668, 670; *Masterson v. Gibson,* 56 Ala. 56; *Reynolds v. Simpkins,* 67 Ala. 378.

The effect of the amendment was to discontinue the case—to put an end to it. The parties were, thereby out of court.—*Curtis v. Gaines,* 46 Ala. 455, 459. This being true, unless the discontinuance was waived by defendants, the court was without jurisdiction to proceed with a hearing of the cause. We do not find that there was a waiver. On the contrary, the record shows affirmatively that defendants persistently insisted upon their right to have the court enter an order showing the discontinuance.

Affirmed.

McCLELLAN, C.J., HARALSON and DOWDELL, J.J., concurring.