# Ashby Brick Co. *et al. v.* Ely & Walker Dry Goods Co.

## *Assumpsit.*

### (Decided June 4, 1907.   44 South. 96.)

1. *Appearance; Operation; Waiver of Process.*—A general appearance cures defects in the service of process and obviates the necessity of service.

2. *Dismissal; Voluntary Dismissal of One Defendant in Action Ex Contractu; Effect.*—Where the action is ex contractu, and the cause of action is joint and several, the discontinuance of the action against one of defendants voluntarily, and not on account of any defense personal to him, constitutes a discontinuance as to all the defendants.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by the Ely & Walker Dry Goods Company against the Ashby Brick Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

JAMES L. DAVIDSON, for appellant.—The discontinuance as to defendant Oakley amounted to a discontinuance of the entire cause of action and the court should have so ordered.—*Bachus v. Mickle,* 45 Ala. 445; *Kendal v. Lasseter,* 68 Ala. 181; *Jones v. Inglehart,* 78 Ala. 505.

PUGH & MARX, for appellee.—The action of the court was a continuance as to one of the two defendants who was not served with process.—*Wade . v. Robinson.* 1 Stew. 423; *Bachus v. Mickle,* 45 Ala. 445; *Wade v. Lasseter,* 68 Ala. 81. This, the court was clearly authorized to do by section 3331, Code 1896. A plaintiff may dis-

miss as to parties named as defendants but who are not served with process.—*Fennell v. Masterson,* 43 Ala. 268; *Reynolds v. Simpkins,* 67 Ala. 378.

HARALSON, J.—A general appearance cures defects in service of process, and obviates the necessity of service.—*Winter v. Rose,* 32 Ala. 449; *Baker v. Pope,* 49 Ala. 415; *Wheeler v. Bullard,* 6 Port. 352; *Hobson v. Emanuel,* 8 Port. 442; *Owings v. Binford,* 80 Ala. 423; *B. F. M. v. Wilder,* 85 Ala. 593, 5 South. 307.

In actions ex contractu, a discontinuance of a party served, not on account of a defense personal to him, works a discontinuance of the entire cause.—3 Mayfield's Dig. 68, § 3.

An appearance may be made by an attorney, and the entry on the margin of the dockets of the court, of the name of an attorney, apposite the name or names of the parties defendant, is accepted in practice as an appearance for such party or parties.—*Grigg v. Gilmer,* 54 Ala. 430. His appearance is presumptive evidence of his authority to do so.—*Daughdrill v. Daughdrill,* 108 Ala. 321, 19 South. 185.

In the case before us, the suit was instituted on the 4th of April, 1905, by the plaintiff, Ely & Walker Dry Goods Company, a corporation, against Ashby Brick Company, G. B. Crowe and J. G. Oakley, on a promissory note made by them payable to the plaintiff.

So far as the transcript shows, no summons was issued to the defendants, or either of them, on the filing of the complaint. On the 20th of April following, after the statement of the names of the parties in the caption, as they appeared in the complaint, and styling them, "defendants," appears what purports to be a plea, reciting: "Now comes the defendant and for answer to the complaint in the above stated cause says as follows:

18 R

First, that it is not indebted to the plaintiff in the manner and form alleged in the complaint. Second, that it denies each and every allegation of the complaint. (Signed) J. L. Davidson, Attorney for Defendant."

On the 19th of December, for failure of the plaintiff to appear and prosecute, the cause was dismissed for want of prosecution.

On the 26th of December, with a caption of "Ely & Walker Dry Goods Company, Plaintiff, against Ashby Brick Company, a Corporation, et al., Defendant," an agreement was entered into by counsel on each side, signed, "Jas. L. Davidson, Attorney for Ashby Brick Company et al., Defendants," and by the attorneys for plaintiff, that the cause be reinstated on the docket for trial; and later, an order was made and entered by the court, reciting that plaintiff's attorneys were engaged in another court when said cause "was called and dismissed for want of prosecution, and defendants by their attorneys have agreed in writing that said judgment be set ʔside and the cause reinstated on the docket for trial," etc., and reinstating the cause accordingly.

In the after proceedings the parties defendant were indifferently referred to as "defendant" and "defendants." This difference is regarded as inadvertent clerical error.

The cause came on for trial on October 30, 1906, and the judgment entry contains the caption, "Ely & Walker Dry Goods Company, a Corporation v. Ashby Brick Company, G. B. Crowe, and J. G. Oakley, Defendants; First National Bank of Birmingham, Garnishee;" and the plaintiff asked leave to discontinue this cause as to defendant, J. G. Oakley, to which defendants objected. The court entered an order of discontinuance as to the said J. G. Oakley, defendant, to which order the defendants duly excepted.

The other two defendants refused to plead further and the court entered judgment nil dicit against them, and after proof made, gave judgment against said Brick Company and G. B. Crowe for the amount of the note and interest.

The appeal is to reverse this judgment, and the point made in argument and assigned as error is, that when the plaintiff dismissed the suit as to one of the defendants it dismissed as to all and no judgment could thereafter be rendered against the remaining defendants.

While there is no proof of service on the defendant, Oakley, nor as to any of the defendants, yet the record satisfactorily shows, that all of the defendants, including Oakley, appeared by attorney, which answered the purpose of the service of the summons and complaint on each of them.

The dismissal of the suit against Oakley, under such conditions—the cause of action being joint and several, —and not on account of any defense personal to him, was a discontinuance of the suit as to all the defendants. —*Jones v. Engelhardt*, 78 Ala. 505; *Evans Marble Co. v. McDonald*, 142 Ala. 130, 37 South. 830.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.