# Beecher *v.* Henderson, *et al.*

*Assumpsit.*

(Decided April 18, 1912. Rehearing denied May 4, 1912.

58 South. 805.)

1. *Dismissal and Non Suit; Dismissal as to One Defendant; Effect.*—Where suit was filed against several defendants jointly as obligators on a constable's bond, the voluntary dismissal of one defendant by an amendment to the complaint striking him as party defendant without the necessity for such action being apparent of record or being otherwise shown, worked a discontinuance of the entire cause.

2. *Same.*—Where plaintiff amended her complaint by striking out one joint defendant without cause therefor appearing, and thus discontinued the entire action, the court was without jurisdiction to proceed further and without authority to subsequently hear

[Beecher v. Henderson, et al.]

evidence as to plaintiff's reason for dismissing her suit as to one defendant.

3. *Estoppel; Invoking Action by Court.*—Where plaintiff requested and secured the allowance of an amendment to her complaint she thereby estopped herself to thereafter assert that the court could not act on the amendment because it was not filed.

4. *Parties; Amendment.*—Where there is a defense personal to the party stricken, and it is interposed or otherwise shown by the record, an amendment to the complaint is allowable striking the party defendant, where there is no misjoinder or non joinder.

5. *Appeal and Error; Discretion.*—Matters resting entirely within the discretion of the trial court and upon which the trial court exercised its discretion are not reviewable.

6. *Attorney and Client; Authority; Motion to Show.*—A motion to require an attorney to show his authority to appear for one of several defendants, is addressed to the sound discretion of the trial court.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mrs. S. P. Beecher against Arlington L. Henderson and others, obligors on a constable's bond. From a judgment ordering a discontinuance, plaintiff appeals. Affirmed.

HUGO L. BLACK, for appellant. The court erred in holding that the action taken amounted to a filing of the amendment and its allowance.—*Phillips v. Dean,* 38 Ala. 248; 3 Words & Phrases. The court erred in refusing to permit evidence that one of the defendants Hudson was dead before plaintiff presented her amendment. —*Schriner v. Craft,* 58 South. 888; Sec. 5367, Code 1909. The court erred in refusing to require Ward to show his authority for appearing in the cause.—Sections 2990 and 2998, Code 1907; *Moore v. Easely,* 18 Ala. 819. The court erred in ordering a discontinuance.—*Ivey v. Gamble,* 20 Johns. 160; s. c. 7 Port. 546; *Garrett v. Lynch,* 44 Ala. 324; *Brasselton v. McMurry,* 44 Ala. 323; 43 Ala. 255; 45 Ala. 447; 47 Ala. 685. The rule is looked upon with disfavor.—*Baynes v. Barnes,* 64 Ala. 375;

*Mallory v. Matlock*, 7 Ala. 750. Counsel cite authority on the proposition of the effect of the death of the party to a pending suit, and to the effect that the death terminated the relation of attorney and client. Also as to discontinuance in action *ex delicto*.

WALLACE P. WARD, for appellee. No brief reached the Reporter.

PELHAM, J.—The appellant's motion to establish a bill of exceptions in this case was passed upon favorably to the movant by the Supreme Court where the case was then pending. Subsequently it was submitted on briefs in that court, and afterwards, upon the establishment of the Court of Appeals, was transferred to this court.

The court below, on motion of the appellees, discontinued the suit brought by the appellant in that court against the appellees as joint obligors on a constable's bond.

The statement of the presiding judge relating to the proceedings had in passing upon and granting appellees' motion for a discontinuance, made at the instance of both parties and incorporated in the bill of exceptions, is as follows: "On the 27th day of January, 1909, the case was called for trial and both parties, through their attorneys, announced ready. The case was submitted upon demurrers to counts 1 and 2 of the complaint, and the same were by the court sustained. Mr. Black, attorney for plaintiff, thereupon asked leave to amend the complaint by separate paper, which as I recollect it, he held in his hand and handed it to the court then and there for examination; the same having already been prepared. The court allowed the amendment, then and there entering upon the docket the following: 'Com-

plaint amended by separate paper filed.' Mr. Ward, at-
torney for defendants (except Arlington L. Henderson),
then asked, 'Is the amendment allowed?' to which I, as
presiding judge, replied, 'Yes.' Mr. Ward then repeated
the question, 'Now, then, the amendment has been al-
lowed?' I, as presiding judge, replied, 'Yes, the amend-
ment has been allowed.' Mr. Ward then moved the
court to enter a discontinuance of the cause which was
resisted by Mr. Black. I heard arguments of counsel on
each side, and among other things Mr. Ward read to the
court the following from the case of *Evan Marble Co. v.
McDonald & Co.,* 142 Ala. 133 (37 South. 830) : 'The
effect of the amendment was to discontinue the case—
to put an end to it. The parties were thereby out of
court.—*Curtis v. Gaines,* 46 Ala. 455, 459. This being
true, unless the discontinuance was waived by the de-
fendants, the court was without jurisdiction to prcoeed
with a hearing of the cause.' The foregoing enunciation
of the law being at variance with my understanding, I
announced that I desired time to further examine the
question, and that I would take the matter under ad-
visement until the next day, Mr. Black then calling the
court's attention to the fact that the amendment had not
been marked filed, and I then and there made the fol-
lowing bench notes, so that neither party would be prej-
udiced: 'Matter taken under advisement.' At this time
neither the motion for discontinuance nor the amend-
ment has been marked filed, but both had been presented
to the court. After motion to discontinue, plaintiff
asked leave to withdraw said amendment. My recollect-
ion is that I read said bench notes then and there in
open court, Mr. Black insisting that the matter was
still under the control of the court, and Mr. Ward insist-
ing that the court was without further power in the
premises. On the morning of January 28, 1909, (and I

believe as soon as court convened), before the court had announced its conclusions, Mr. Black offered proof to show that R. T. Hudson died September 3, 1908, and also moved the court to require W. T. Ward to show his authority to appear for Hudson. I then stated that, while my own opinion did not coincide with that of the Supreme Court, still I felt it my duty to follow the Supreme Court's decision, and that I could not otherwise construe said decision than that the trial court was then without jurisdiction to proceed in the cause. I then and there made and entered the following bench notes: 'Before the court had ruled on motion to discontinue, plaintiff offered to amend count 2 of the complaint, and also offered proof showing that R. T. Hudson died September 3, 1908, which the court refused upon the grounds that it had no jurisdiction.' "

The suit was instituted by appellant against all of the several defendants named in the complaint jointly, seeking to recover damages from the defendants as joint obligors on a constable's bond for an alleged trespass committed by the constable, and the amendment to the complaint offered by the appellant on January 27, 1909, struck out as parties defendant Arlington L. Henderson and R. T. Hudson. The original complaint was filed July 21, 1908, and on August 24, 1908, W. T. Ward, Esq., a regular practicing attorney at that bar, appeared as an attorney in the cause and filed demurrers to the complaint as attorney for all of the defendants except Arlington L. Henderson. The main question presented for our determination is whether or not the action of the plaintiff in voluntarily striking out R. T. Hudson as one of the joint parties defendant without the necessity for such action being shown, or appearing from the record, worked a discontinuance of the entire cause. Under the rulings of the Supreme Court, there can be but one answer to this question, and that is that a dismissal as to

one of such defendants on a joint cause of action constitutes a discontinuance of the action against the remaining defendants.—*Evans Marble Co. v. McDonald & Co.,* 142 Ala. 130, 37 South. 830; *Mock v. Walker,* 42 Ala. 668; *Fennell v. Masterson,* 43 Ala. 268; *Masterson v. Gibson,* 56 Ala. 56; *Kendall v. Lassiter,* 68 Ala. 181; *Reynolds v. Simpkins,* 67 Ala. 378; *Torrey v. Forbes,* 94 Ala. 135, 10 South. 320; *Hayes v. Dunn,* 136 Ala. 528, 34 South. 944; *Ashley Brick Co. v. Walker D. G. Co.,* 151 Ala. 272, 44 South. 96.

That the paper writing containing the amendment was not marked filed by the clerk can avail the appellant nothing. It was brought to the attention of the court while the case was on trial, was presented in open court by appellant's counsel to the presiding judge for the court's action, and thus was made a court paper. After having been presented, thus acted upon and allowed by the court, at his instance, counsel cannot be heard to say that he did not file the amendment. Having invoked the action of the court on the amendment, he is estopped from denying the court's right to act upon it.—*Taylor et al. v. Crook, Administrator, et al.,* 136 Ala. 354, 378, 34 South. 905 Am. St. Rep. 26; *Knight v. Farrell & Reynolds,* 113 Ala. 258, 262, 20 South. 974; *Lehman, Durr & Co. v. Clarke,* 85 Ala. 109, 4 South. 651.

This ruling of the court allowing the amendment was announced by the court and entered upon the judge's trial docket, whereupon appellee's counsel moved the court to enter a discontinuance. All of this took place in open court before a request was made by opposing counsel for leave to withdraw the amendment or offer proof showing a necessity for dismissnig as to the defendant Hudson, and, under the authorities first above

cited, the action of appellant in amending and striking out Hudson as a party defendant had in effect discontinued the case before the offer was made to withdraw the amendment or make proof.

The question of whether the court did or did not have the *discretion* to allow the plaintiff to withdraw the amendment because of the inherent power of the court over its orders and judgments during the term at which they are entered or rendered, or because the matter was in fieri, is not before us, for if in the discretion of the court that discretion was exercised in refusing to allow plaintiff to withdraw the amendment, and matters resting entirely in the discretion of a trial court are not reviewable here.

The case of S*hriner v. Craft*, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, relied upon by appellant, is not in conflict with the cases above cited, as the record before the court in that case showed the necessity for dismissing as to one of the defendants. The complaint in that case alleged that the contract sued upon was between the plaintiff and the defendant W. A. Shriner, and by error, apparent on the face of the proceedings, both Shriner and his wife were made parties defendant, and the court correctly held that the wife was an improper defendant and that this was shown on the face of the complaint, and a dismissal could be had as to the wife without working a discontinuance of the case.

An amendment striking a party defendant where there is no misjoinder or nonjoinder is allowable where a defense personal to the party stricken is interposed or is shown by the record to exist, but in the case at bar at the time plaintiff dismissed as to the defendant Hudson there was no personal defense interposed by this defendant such as would authorize a discontinuance as to him,

no proof offered nor reason shown for discontinuing as to him, and the record disclosed none.

When the discontinuance was had as to one of the joint defendants under such circumstances, unless waived, it operated as a discontinuance of the entire action, and the trial court after a discontinuance was divested of jurisdiction to proceed further, and was without authority to admit or hear evidence of Hudson's death pendente lite or other evidence as a reason for plaintiff's dismissing her suit as to such defendant.—*Evans Marble Co. v. McDonald & Co., supra; Curtis v. Gaines,* 46 Ala. 455.

When the attorney who regularly appeared on August 24, 1908, for all of the parties except Arlington L. Henderson filed demurrers to the complaint, no questions was raised as to his right or authority to appear as counsel for these parties, nor was his right or authority challenged in any way until after the court had allowed plaintiff's amendment on January 27, 1909, and a motion had been made by opposing counsel to discontinue the cause. The motion to require the attorney appearing for these defendants to make proof of his authority for appearing in the cause was a matter largely in the discretion of the court. It did not appear to the court below that the grounds assigned in support of such motion were sufficient, and we concur in this conclusion. Certainly under the facts presented no abuse of the judicial discretion is shown in refusing to grant the motion to require such proof to be made.

From what we have said it will be seen that there was no error committed by the trial court in its ruling assigned as error, here, and the judgment of the court below is accordingly affirmed.

Affirmed.