## Hanchey v. Brunson.

### Malicious Prosecution.

(Decided February 14, 1913. 61 South. 258.)

*Appeal and Error; Review; Presumptions; Amendments to Pleading.*—Under section 5367, Code 1907, an order requiring plaintiff to pay the cost as a condition to the allowance of his amendment not negativing the fact that the amendment would cause an injustice to defendant, it will be presumed that conditions existed which justified the trial court in imposing such cost, and his action thereon will not be reviewed on appeal.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by William J. Hanchey against John F. Brunson for malicious prosecution. Judgment for defendant, and plaintiff appeals. Affirmed.

A. G. SEAY, for appellant. The court erred in imposing costs as a condition precedent to allowing the amend-

ments offered.—*Hanchey v. Brunson,* 56 South. 971; Sec. 5367, Code 1907.

J. A. CARNLEY, for appellee. The record does not disclose, but what injustice would result to defendant, and the court properly imposed cost as conditions, and this court will presume that there was matter justifying such imposition of cost.—Sec. 5367, Code 1907.

ANDERSON, J.—The sole question presented by this appeal is whether or not the trial court can be reversed for requiring of the plaintiff the payment of the cost of the term as a condition precedent to the allowance of the amendment of the complaint.

Section 5367 of the Code of 1907 authorizes amendments during the progress of the case, without cost or delay, unless injustice will thereby be done the opposite party. It must be observed that a party has the right to amend in any instance covered by the statute, and at any time during the progress of the case, and without cost or delay unless an injustice is thereby done the opposite party. If the proposed amendment should take the opposite party by surprise, or necessitate a continuance of the case, the trial court would no doubt have the discretion to impose cost or a continuance, one or both, as a condition precedent to the allowance of the amendment. On the other hand, if the amendment does not take the opposite party by surprise and he is ready to meet the amendment and proceed with the trial of the case, it is difficult to see how the said amendment can work an injustice to the opposite party, and, if it does not do so, the amendment should be allowed without cost or delay. The present amendment was attempted after the parties had announced ready for trial and had selected the jury, but could not have been necessitated by a surprise as to

[Hanchey v. Brunson.]

the evidence, as no proof had been taken when it was offered. The amendment predicated the right of action upon a prosecution commenced before a different officer from the one named in the original complaint, and it may have taken the defendant by surprise, and he may have wanted a continuance in order to meet the new phase of the case, and, if the said amendment would necessitate a delay, the trial court had the authority to impose reasonable terms upon the plaintiff, as a condition precedent to the allowance of same. The bill of exceptions does not purport to set out all the evidence, and, from aught that appears, the defendant may have objected to the amendment and may have stated to the court that he was not ready to meet same, and would have to ask a continuance if the same was allowed. We cannot, therefore, put the trial court in error for taxing the plaintiff with the cost of the term as a condition precedent to the allowance of the amendment to the complaint. It may be that the trial court was in error in stating that the plaintiff was in default for not having made the amendment the day before the case was called for trial, as he could not make the amendment except with leave of the court and could not well ask for same until the case was called by the court; yet there is nothing in the bill of exceptions to negative the fact that the amendment would operate to cause a delay or injustice to the defendant, and, nothing to the contrary appearing in the bill of exceptions, we must presume that conditions existed which justified the trial court in imposing the cost of the term upon the plaintiff as a condition precedent to the amendment of the complaint.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.