# King, *et al. v.* Gibbs.

## *Assumpsit.*

(Decided December 17, 1914. 67 South. 757.)

1. *Dismissal and Non-suit; Discontinuance.*—In an action on a joint and several contract or undertaking, such as a promissory note, the dismissal as to one of the parties who was regularly served with process, works a discontinuance as to the others.

2. *Process; Service; Objection.*—Where a branch writ was issued at plaintiff's request and on his motion, and was served, and appeared from the order of the court to be identical with the principal writ as required by section 5300, Code 1907, no material variance appearing, plaintiff could not contend that the obligor as to whom he discontinued was not properly served, so as to avoid a discontinuance.

[King, et al. v. Gibbs.]

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by John Gibbs against W. L. King and others, on a promissory note. For a judgment dismissing as to King, but rendered against the other defendants, they appeal. Reversed and rendered.

BROWN & GRIFFITH, for appellant. Having dismissed the cause as to one of the joint obligors, the cause stood dismissed as to the others, and the plaintiff cannot insist that the service perfected by him was irregular or void.—Section 5300, Code 1907; *Drennen & Co. v. Jasper Investment Co.*, 153 Ala. 322; *Hensley v. Rhodes*, 76 Ala. 373; *Evans Marble Co. v. McDonald*, 142 Ala. 132.

W. E. JAMES, for appellee. The defendant as to whom a discontinuance was entered had not been properly served with process, and a dismissal as to him was not a discontinuance of the cause.—Sections 2502 and 5300, Code 1907; *Jones v. Englehardt*, 78 Ala. 505; *Bordman v. Parrish*, 56 Ala. 55.

PELHAM, P. J.—The form of action brought in the trial court by the appellee against the appellants was ex contractu, on a joint and several obligation (a promissory note). The record shows that the plaintiff dismissed his suit in the trial court as to the joint defendant G. B. King, and took judgment by default against the other defendants to the cause of action. It is the insistence of the appellants that the plaintiff in the court below by dismissing his suit as to the defendant G. B. King, who the record shows had been served with process, discontinued his cause of action and rendered the trial court without jurisdiction to render judgment against the other defendants to the cause of action, who bring this appeal.

[King, et al. v. Gibbs.]

The effect of the discontinuance as to one of the several defendants on the joint, or joint and several, cause of action, was to discontinue the case and put the parties out of court and leave the court without jurisdiction to proceed to a hearing of the case and rendition of judgment.—*Evans Marble Co. v. McDonald & Co.*, 142 Ala. 130, 37 South. 830; *Curtis, et al. v. Gaines, Adm'r*, 46 Ala. 455; *Beecher v. Henderson*, 4 Ala. App. 543, 58 South. 805.

The point made by the appellee that the record fails to show that the defendant G. B. King had been served, because of a failure to show a compliance with the provisions of section 5300 of the Code of 1907, is without merit. The branch writ issued was not only an exact counterpart of the original writ, but is shown by the record to have been issued in this case in pursuance of an order of the court at the instance and on the motion of the plaintiff. The purpose of the statute (Code, § 5300) is to preserve the identity of the cause of action as to the original and branch summons. This identity was established by the order of the court made in this case at the instance of the plaintiff, and, besides, any variance or other irregularity militating against the identity of the branch writ could only be taken advantage of by the party served, unless the record affirmatively disclosed a material variance.—*Drennen & Co. v. Jasper Investment Co.*, 153 Ala. 322, 45 South. 157.

It follows that the trial court was without authority to render the judgment by default after a discontinuance of the cause. The judgment of the lower court is reversed, and a judgment of discontinuance is here entered.

Reversed and rendered.

BROWN, J., not sitting.