# Martin *v.* Howard.

## *Ejectment.*

(Decided February 4, 1915. Rehearing denied May 20, 1915.
68 South. 982.)

1. *Ejectment; Disclaimer; Amendment.*—Section 5367, Code 1907, authorizes an amendment of a disclaimer in ejectment at the trial and just before the cause is submitted to the jury, although a disclaimer is not, strictly speaking, a pleading.

2. *Same; Costs.*—Where there was no controversy as to the minerals apart from the surface, and defendant amended his disclaimer at the trial in ejectment so as to include the minerals under the surface claimed by him, because such minerals were reversed by his grantor the plaintiff is not entitled to judgment for costs where the delay because of the amendment, did not result in any additional cost.

3. *Same; Judgment; Mineral Right.*—Where the defendant disclaimed mineral rights as being reserved by his grantor, and plaintiff made no claim to the minerals apart from his claim to the surface, the possession of which was awarded to defendant, plaintiff was not entitled to judgment for the mineral rights so disclaimed.

4. *Adverse Possession; Claim; Filing.*—Where defendant claimed both under color of title, and as a bona fide purchaser, the statute requiring the filing of a written declaration of claim is without application.

[Martin v. Howard.]

5. *Ejectment; Disputed Boundary.*—Where the rights of the parties depended on the location of the line between their co-terminus property, it was not error to charge the jury to find for the defendant if they found the bounds to be as claimed by him, notwithstanding there was no formal suggestion of a disputed boundary line as provided by section 3843, Code 1907.

6. *Same; Verdict; Certainty.*—Where the suit in ejectment, and the disclaimer properly defined the land in controversy, a verdict responding to the issues thus presented was certain and definite.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Ejectment by William M. Martin against J. M. Howard. Judgment for defendant and plaintiff appeals. Affirmed.

WILLIAM M. WALKER, for appellant.

HARSH, BEDDOW & FITTS, for appellee.

SAYRE, J.—Upon the return of this case to the trial court after a reversal here on a former appeal (181 Ala. 613, 62 South. 99), the formal suggestion that the suit arose out of a dispute as to a boundary line between the parties, made in pursuance of section 3843 of the Code, was eliminated on demurrer. Nevertheless much of the evidence was directed to the matter of the true location of the line between the parties, and properly so. Plaintiff (appellant) and defendant showed paper titles in themselves respectively to the southwest quarter of the northeast quarter of section 29 the land so described in the complaint, and the southeast quarter of the northeast quarter of the same section. Defendant, to meet the opinion on former appeal, at first amended his disclaimer so as to make it show a disclaimer as to that part of the land sued for lying west of what was described as the Wheeler line which was alleged to be designated by marks on trees and

to be 320 feet west of the Salter line claimed by plaintiff. It is to be presumed that the evidence was taken on the plea of the general issue as to the land not disclaimed. Later, as we shall see, defendant amended his disclaimer and incorporated therein a plea of not guilty as to the land not disclaimed. In addition to his evidence concerning the true location of the line of the government survey, defendant adduced testimony tending to show that, even if the Wheeler line was not the true government line between the two forties, he had been in open, notorious, and hostile possession continuously for more than ten years up to the Wheeler line under a bona fide claim that it was the true line and thereby claimed to have acquired title up to the last-named line by adverse possession. Plaintiff's evidence went to establish the Salter line as the true line and to a denial of adverse possession by defendant. These questions, under the evidence, were properly submitted to the jury for decision.

(1, 2)   In the last stages of the trial, after the parties had offered testimony along the lines indicated, defendant put in evidence his title deed to the southeast quarter of the northeast quarter. This deed showed that defendant's grantor, as between himself and defendant, had worked a severance between the surface of the land therein described and the underlying minerals, and that defendant had acquired thereby no title to the minerals. Just before the case was submitted to the jury, defendant was allowed to further amend his disclaimer by including therein the minerals under "the land in suit." There was no error in allowing an amendment at that stage of the cause. Section 5367 of the Code provides that amendments, adding matter which could have been included in the original plead-

ing, shall be allowed while the cause is in progress, without costs and without delay, unless injustice will thereby be done to the opposite party. Disclaimers though not strictly pleading, are within the remedial purview of the statute of amendments. Appellant, without denying the right in general to amend disclaimers, contends that under the circumstances appellee should have been taxed with the costs accrued up to that point at least, substantially all the costs of the cause, as a condition of the right to amend. If the disclaimer, as last amended, had gone to the entire property sued for, plaintiff would have been entitled to a judgment for the whole property and for all costs as a matter of course. As for the costs prior to the last amendment, if there had been any claim or litigation as to minerals apart from the surface, and if the postponement of the disclaimer as last amended, had resulted in the unnecessary accumulation of costs, no doubt the court on defendant's motion would have apportioned the costs on an equitable basis. But the record presents no case of this sort.

(3) When appellant, on the disclaimer as it stood at the beginning of the last trial, had judgment for the land possession of which was then disclaimed by appellee (defendant), he had judgment for the minerals underlying that part of the land, to the force and effect of which no further judgment after the last amendment would have added anything. If appellant has intended to claim error in the court's final judgment on the ground that he was not thereby adjudged to recover the minerals underlying the strip between the two lines in dispute, that contention has not been clearly stated in the brief. However that may be, we think we may say that, since all the evidence was taken before the

last amendment was interposed and at a time when appellant, if he expected to recover the minerals underlying the disputed strip on any title other than that shown in respect of the soil, should have proved such title, and since he has made no claim in pleading, nor any suggestion in the evidence, of a severance between the soil and the minerals, or of a right to minerals more extensive than the soil to which he could show title, the court, in its final judgment, committed no error in failing to give him a judgment for that to which he had failed, at a time when the burden rested upon him, to show any title or right of possession other than the right and title he asserted in the soil, which last the jury had determined against him. In *Louisville & Nashville R. R. Co. v. Massey,* 136 Ala. 156, 33 South. 896, 96 Am. St. Rep. 17, to which appellant appears to refer for authority, the complaint claimed specifically the mineral deposits in and upon the soil, and the evidence in the cause went to that title. Nothing said in that case or in *Bernstein v. Humes,* 60 Ala. 582, 31 Am. Rep. 52, also cited by appellant, touches upon the question here suggested, so far as we are able to see.

(4) It was ruled on the former appeal that defendant claimed the strip as to which he defended both under color of title and as a bona fide purchaser, and that the statute, requiring the filing of a written declaration of claim in other cases, did not apply to him. The case in this respect has not been changed, and we find no reason for doubting the correctness of that ruling.

(5) There was no error in defendant's given charge No. 1. Although there was no formal suggestion of disputed boundary line under section 3843 of the Code, the location of the line between the coterminous properties

of the parties was necessary to a settlement of the litigated claim, and, if the line of the government survey was found by the jury in accordance with defendant's contention, he was entitled to a verdict, as the charge postulated, and this without regard to whether defendant had established his claim of an actual adverse holding for the statutory period.

(6)  The verdict, when read in connection with the issue made by the complaint, the disclaimer, and the general denial upon which this case was tried, responded to the issue so formed, and was absolutely certain and definite.  This, because the complaint and the disclaimer, without any recourse to extrinsic facts, defined sufficiently, percisely we may say, the land in controversy and the issue to which the verdict responded.—*Bradford v. Sneed,* 174 Ala. 113, 56 South. 532.

Finding no error, the judgment and proceedings in the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.