(79 South. 456)

CRAWFORD v. MILLS. (4 Div. 803.)

(Supreme Court of Alabama. June 29, 1918.)

1. DISMISSAL AND NONSUIT ☞24—STRIKING OUT DEFENDANTS—EFFECT—STATUTE.

By express provision of Code 1907, § 2502, as amended by Act Sept. 18, 1915 (Laws 1915, p. 605), plaintiff may at any time amend by striking out defendants without working a discontinuance as to a defendant not stricken out.

2. PARTIES ☞95(1)—AMENDMENT—STATUTE—PENDING CASES.

Code 1907, § 2502, as amended by Act Sept. 18, 1915 (Laws 1915, p. 605), as to amendment of parties being a remedial statute, applies to an amendment of parties after adoption of the statute in an action pending when it was adopted.

3. PLEADING ☞248(4)—AMENDMENT—ADDING COUNTS.

Under Code 1907, § 5367, allowing amendments by adding counts so long as they refer to the same transactions, property, title, and parties as the original, to a complaint against one as surety because of principal's failure to deliver cotton may be added counts for his converting or failing to deliver the cotton.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Action by W. H. Mills against J. W. Crawford. From adverse judgment, defendant appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911, p. 449. Affirmed.

W. L. Lee, of Columbia, and B. G. Farmer and T. M. Espy, both of Dothan, for appellant. W. O. Long, of Abbeville, W. R. Chapman, of Dothan, and H. L. Martin, of Ozark, for appellee.

THOMAS, J. The original complaint, filed July 26, 1915, was against W. G. Creel, J. W. Crawford, R. K. Stokes, and J. B. Long, as principal and sureties, on a bond given by the principal to conduct a public warehouse for the storage of cotton, etc., for compensation, in accordance with section 6123 et seq. of the Code. The breach of the bond averred was the failure and refusal, after due demand, to deliver seven bales of cotton to plaintiff, transferee of warehouse receipts issued to Mary C. Davis for said cotton stored by her with the Farmers' Warehouse during the time it was operated by Creel. On August 16, 1916, after the several defendants had been served with copy of the summons and complaint, amendment was made by striking as parties defendant Creel, Stokes, and Long, and by adding counts 2 to 6, inclusive. Whereupon defendant Crawford moved to strike the complaint as amended, which motion being denied, he moved the court to enter a discontinuance of the cause. The first twelve assignments of error challenge the court's ruling in permitting the amendment, denying the motion to strike, and refusing to enter a discontinuance.

[1, 2] 1. Appellant's insistence is that, as the several parties were sued in the same action, and summons and complaint was served upon all of them, and no personal defenses were interposed when plaintiff amended by striking from the complaint all defendants save J. W. Crawford, the remaining defendant took timely advantage of such action by moving that a discontinuance of the cause be entered. This would have been the effect of such an amendment, under a long line of decisions in this state following the rule of the common law. 123 Cyc. 804; 14 Cyc. 411; Will's Gould on Pl., pp. 387, 455; Smith v. Cobb, 1 Stew. 62; Adkins v. Allen, 1 Stew. 130; Slade v. Street, 77 Ala. 578; Torrey v. Forbes, 94 Ala. 135, 10 South. 320; Hayes v. Dunn, 136 Ala. 528, 34 South. 944; Evans Marble Co. v. McDonald & Co., 142 Ala. 130, 37 South. 830; Ashby Brick Co. v. Walker Co., 151 Ala. 272, 44 South. 96; Long v. Gwin, 188 Ala. 196, 66 South. 88; Beecher v. Henderson, 4 Ala. App. 543, 58 South. 805; King v. Gibbs, 12 Ala. App. 504, 67 South. 757; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525.

This common-law rule finding recognition in the statutes (1852, § 2149; 1867, § 2545; 1876, § 2911; 1886, § 2607; 1896, § 42; 1907, § 2502) was abolished by the remedial procedure of September 18, 1915, which was:

"That section 2502 of the Code (1907) be amended so as to read: 2502. When any suit is instituted against one or more persons upon any separate joint, or joint and several contracts, or upon any separate joint, or joint and several cause of action, the plaintiff may, at any time amend the summons and complaint by striking out, or adding parties plaintiff or defendant, whether served or not, and such amendment shall not work a discontinuance as to any

defendant not stricken out but the plaintiff may recover such judgment as he may be entitled to against any one or more of the defendants. And where in a suit upon a joint contract or cause of action, the proof shows it to be a separate or several contracts or cause of action, the plaintiff may amend by striking out the parties not liable, and such amendment shall not work a discontinuance, or constitute a variance." Gen. Acts 1915, p. 605.

See Plunkett v. Dendy, 197 Ala. 262, 72 South. 525; Beitman v. B'ham P. & G. Co., 185 Ala. 313, 64 South. 600; Brown v. Loeb, 177 Ala. 106, 58 South. 330.

The statute applies to pending causes, as to amendments made after its adoption. Remedial statutes have been given like application by this court. Walden v. Leach, 78 South. 381;[1] Coker v. Fountain, 75 South. 471;[2] T. R. N. Co. v. Grantland, 75 South. 283;[3] Poull & Co. v. Foy-Hays Co., 159 Ala. 453, 48 South. 785; Jefferson County Sav. Bank v. Barbour, 191 Ala. 238, 68 South. 43. There was no discontinuance by striking several of the parties defendant to the original complaint after service was perfected on all of them. No entire change of parties was made by the amendment made under section 5367 of the Code. Plunkett v. Dendy, 197 Ala. 262, 72 South. 525; Smith v. Yearwood, 197 Ala. 680, 73 South. 384; Rarden Merc. Co. v. Whiteside, 145 Ala. 617, 39 South. 576; Vinegar Bend Co. v. Chicago Co., 131 Ala. 411, 30 South. 776; Evans Co. v. McDonald, 142 Ala. 130, 37 South. 830; Head v. J. M. Robinson, Norton & Co., 191 Ala. 352, 67 South. 976.

[3] 2. Did the court commit reversible error in permitting plaintiff's amendments by the additional counts? The cause of action finding expression in the original count was the failure of Creel to deliver to plaintiff the cotton evidenced by the duly transferred warehouse receipts, with the liability of the other defendants (of whom appellant was one) by reason of their suretyship on Creel's warehouseman's bond. Appellant's counsel say, of the several counts:

"The complaint as amended consisted of six counts, one of which was against Crawford on the bond executed by him, and the other five (counts) against him for his wrongful act in converting or failing to deliver the cotton."

The recent statute permits amendments, "whilst the cause is in progress," of all and every imperfection and defect of form, on motion of the party, without costs and without delay, "unless injustice will thereby be done to the opposite party," and the court must permit the amendment of the complaint "by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, or by striking out or adding new counts or statements of the cause of action, *which could have been included in the original complaint or plea*, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new

[1] 201 Ala. 475.   [2] 200 Ala. 95.   [3] 199 Ala. 674.

or other causes of action, so long as they refer to the *same transaction, property and title and parties as the original*, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury." Code 1907, § 5367. Was injustice done the opposite party by the amendments allowed and made? Did the amendments refer to the same transaction, property, title, and parties as were the subject-matter of the original count? Roden. v. Capehart, 195 Ala. 29, 70 South. 756, and authorities collected.

In Hanchey v. Brunson, 181 Ala. 453, 61 South. 258, treating of the statute, and of an amendment that predicated the right of action upon a prosecution commenced before a different officer from the one named in the original complaint, Justice Anderson said:

"It must be observed that a party has the right to amend in any instance covered by the statute, and at any time during the progress of the case, and without cost or delay, unless an injustice is thereby done the opposite party. If the proposed amendment should take the opposite party by surprise, or necessitate a continuance of the case, the trial court would no doubt have the discretion to impose cost or a continuance, one or both, as a condition precedent to the allowance of the amendment. On the other hand, if the amendment does not take the opposite party by surprise and he is ready to meet the amendment and proceed with the trial of the case, it is difficult to see how the said amendment can work an injustice to the opposite party, and, if it does not do so, the amendment should be allowed without cost or delay." Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

The question of amendments made under section 3331 of the Code of 1896 was thoroughly discussed in Central of Georgia Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006, where are collected and reviewed the cases theretofore decided on the point by this court. The Chief Justice said:

"These authorities serve to fully support the proposition with which we began this discussion, viz. that, so long as counts added by amendment set up the same *general transactions or occurrences upon which the original complaint relied for recovery, they do not introduce an entirely new cause of action and are not objectionable, though the form of action may be changed by them as from trover to case, or vice versa, or from case to trespass, etc.* [italics supplied]; and they further serve to differentiate the rule of amendments prescribed by the statute as construed by this court from the rule against departures in after pleading from the case made by the complaint. It is no objection to an amendment that it works a departure from the original complaint within the meaning of the rule last referred to."

In A. T. & I. Co. v. Hall & Farley, Trustees, 152 Ala. 262, 44 South. 592, the opinion cites with approval Foshee's Case, supra, and criticizes Nelson v. First National Bank, 139 Ala. 590, 36 South. 707, 101 Am. St. Rep. 52; and propounds the question for inquiry as to such amendments as follows:

"Is the subject-matter of the amendment within the lis pendens of the original complaint or bill? If it is, the amendment must be allowed at any stage of the proceeding."

Though there was a disagreement as to the criticism of the Nelson Case, the holding was that where the original bill alleged the respondents were subscribers to the stock of the corporation, and had given their notes to the corporation for their subscription, which notes had never been paid, and they were parties to a fraudulent scheme with one S. to defraud the corporation and its creditors by an attempt to relieve themselves from their liability on their note, but the allegations of which failed to connect the corporation with the scheme, the bill may be thereafter amended so as to charge of the debtor corporation, as a party to the fraudulent scheme, that it made a gift of the notes to the subscribers, and assigned the notes to complainants as collateral security by the corporation, and that complainants had been dispossessed of these collaterals by fraud.

Where the amendment declares upon the same substantial facts as are set up in the original complaint, and a recovery on the amended complaint would be a bar to recovery on the original complaint, was said to be a test of the permissibility of the amendment, in A. C. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686. The amendment in the Heald Case was a count, under the Employers' Liability Act (Code 1907, § 3910 et seq.), in a complaint that had originally declared under the common law against a master for the death of a servant. The amendment in question in the Nelson Case, supra, was differentiated from the amendment made in the Heald Case.

So much for some of the authorities on departure vel non, and on the relation of amendment, before the recodification of section 3331 of the Code of 1896 (as revised by the Code Committee) as section 5367 of the present Code. It was in response to this discussion in the Heald Case, no doubt, that the statute was revised by the Code committee of the Legislature. The recent decisions of this court, under the statute, have sanctioned amendments in those cases in which no injustice thereby will be done to the opposite party, so long as the amendment refers to "the same transaction, property, and title and parties" as those declared on in the original complaint. Mobile Light & R. R. Co. v. Portiss, 195 Ala. 320, 70 South. 136; Smith v. Bachus, 195 Ala. 8, 12, 70 South. 261; L. & N. R. R. Co. v. Abernethy, 192 Ala. 629, 69 South. 57; Stricklin v. Kimbrell, 193 Ala. 211, 215, 69 South. 14; Martin v. Howard, 193 Ala. 477, 68 South. 982; Wilson v. Ratcliff, 197 Ala. 548, 73 South. 84; Lisenby v. Capps, 75 South. 332.[4] In Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 South. 655, a complaint containing a count in trover was permitted to be amended by the addition of counts for the breach of a bond, and the common counts. This is the converse of the amendment permitted in the instant case against defendant's objection. In N. C. & St. L. Ry. Co. v. Abramson Produce Co.,

[4] 200 Ala. 20.

74 South. 350,[5] a complaint containing counts for conversion and money had and received, amended by the addition of the common counts, and counts for failure to deliver a shipment, was held not to constitute a departure. Gaines v. B. R. L. & P. Co., 164 Ala. 6, 51 South. 238. It should be remarked that a joinder of actions in case and trespass may not be made in the same count. L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103. Under the recent constructions of the statute of amendments, there was no departure in the instant pleadings.

Assignments of error 13 and 14 are without merit, since the record fails to inform us what demurrer was interposed by defendant Crawford to the complaint as amended, and the judgment entry does not disclose a ruling thereon.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.