(81 South. 692)

HERREN v. RAWLEIGH MEDICAL CO. (3 Div. 297.)

(Court of Appeals of Alabama. May 6, 1919.)

1. DISMISSAL AND NONSUIT ☞25—STRIKING OUT NAME OF DEFENDANT.

In suit against appellant and another as guarantors on the contract of another, where both defendants were served, but only appellant filed pleas to complaint, which pleas were not withdrawn, there was no error in permitting plaintiff to amend complaint by striking therefrom the name of the other defendant and rendering judgment dismissing as to him.

2. DISMISSAL AND NONSUIT ☞25 — DISCONTINUANCE — STRIKING OUT NAME OF DEFENDANT.

In suit against appellant and another as guarantors on the contract of another, where both defendants were served, but only appellant filed pleas to complaint, which pleas were not withdrawn, the striking out of the defendant who did not file pleas did not operate as a discontinuance of the cause of action, in view of Code 1907, § 2502, as amended by Acts 1915, p. 605.

3. JURY ☞28(3) — JURY TRIAL — RIGHT TO WAIVE—DEFAULT JUDGMENT.

In suit against appellant and another as guarantors on the contract of another, where both defendants were served, but only appellant filed pleas to complaint, which pleas were not withdrawn, and the complaint was amended by striking out the name of defendant, which did not plead, and default judgment was taken against appellant, held, that failure to submit testimony offered to the jury, although defendant had demanded a jury trial, was reversible error.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Suit by the Rawleigh Medicine Company against T. S. Herren and another. The action was dismissed as to unnamed defendant, and the named defendant appeals from the judgment rendered. Reversed and remanded.

James W. Strother, of Dadeville, for appellant.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

BRICKEN, J. This action was commenced on February 20, 1915, and was a suit by the appellee against the appellant and another, A. A. Pearson, as guarantors on a contract that had been made between appellee and one S. B. Pearson, to whom appellee sold goods. The contract of guaranty is set out in the complaint, and a breach of the guaranty is alleged. The record shows that both of the defendants were duly served with a copy of the summons and complaint. The defendant A. A. Pearson filed no pleas, but the defendant T. S. Herron, who is the appellant here, filed several pleas to the complaint, among them being the plea of the general issue, and a special plea of non est factum. The record does not show that these pleas which had been filed by the appellant had ever been withdrawn.

On March 26, 1917, the plaintiff amended the complaint by striking therefrom the name of A. A. Pearson as a defendant, and judgment was rendered dismissing as to the said defendant Pearson. On the same date, while the pleas which had been filed by the appellant were still on file, the court rendered judgment by default against appellant.

[1, 2] There was no error on the part of the court in allowing the amendment striking the defendant A. A. Pearson, and the striking out of that defendant did not operate as a discontinuance of the cause of action, although he had been served with process.

---

Code 1907, § 2502, as amended by act approved September 18, 1915 (Acts 1915, p. 605).

It has been held that this is a remedial statute and applies to causes that were pending at the time of its adoption. Crawford v. Mills, 202 Ala. 62, 79 South. 456.

[3] The plaintiff offered testimony to prove that the contract was executed by the appellant, etc. The question is therefore presented whether the testimony offered should have been submitted to the jury and was there error for the trial court not to submit it to the jury. The defendant had demanded a trial by jury, but, notwithstanding that demand, the record affirmatively shows that the cause was not submitted to a jury; the testimony being submitted to the court and considered only by the court and judgment rendered. Under the authority of Ex parte Florida Nursery & Trading Co. (Sup.) 77 South. 391,[1] this was error necessitating that the judgment of the lower court be reversed, and the cause remanded.

Reversed and remanded.